## Thomas Batley *v.* Robert H. Foerderer, Appellant.

*Vendor and vendee—Marketable title—Incumbrance—Brewery.*

Where a deed in a vendor's line of title contains a condition that no mill, factory, brewery or distillery shall be erected on the land, the vendor has not a title which is either " good and marketable " or " clear of all incumbrances."

An incumbrance is every right to or interest in the land which may subsist in third persons, to the diminution of the value of the land but consistent with the passing of the fee by the conveyance.

It seems that where buildings prohibited to be erected in a deed included only wooden structures prohibited by city ordinance or general law, the restriction is not open to objection by the vendee as an incumbrance upon the title.

*Doubtful title—Liability to litigation.*

Every title is doubtful which invites or exposes the party holding it to litigation. If there be color of an outstanding title which may prove substantial, though there is not enough in evidence to enable the chancellor to say so, a purchaser will not be held to take it and encounter the hazard of litigation with an adverse claimant.

*Agreement to build particular kind of building—Title.*

An agreement for the sale of land stipulated that the vendee should

build a certain number and particular kind of dwelling houses upon the land.   In the line of the vendor's title was a deed which prohibited the construction upon the land of any mill, factory, brewery or distillery.   *Held:* (1) that the vendee's agreement to build dwelling houses did not cure the imperfection in the vendor's title;   (2) that the stipulation was at most a mere personal covenant not running with the land, and would be sufficiently complied with by the mere construction of the houses without their continued maintenance.

Argued April 6, 1894.   Appeal, No. 370, Jan. T., 1894, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 462, making absolute rule for judgment for want of sufficient affidavit of defence.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.   Reversed.

Rule for judgment for want of sufficient affidavit of defence, in assumpsit for purchase money of real estate.

From the record it appeared that, on June 2, 1893, plaintiff and defendant, Thomas Batley and Robert H. Foerderer, entered into an agreement under seal by which the former agreed to sell and convey, and the latter to purchase, a lot of ground on the east side of Thirty-third street, 68 feet northward from the north side of Diamond street, containing in front 374 feet, and extending in length or depth eastward of that width 140 feet to a thirty feet wide street, for the price or sum of $77,916.66, $1,000 to be paid upon the signing of the agreement, and the balance at the time of settlement, which was to be made within thirty days of the date thereof.   It was stipulated that the title was to be " good and marketable and clear of all incumbrances."   It was further provided:

" The said Robert H. Foerderer is hereby restricted to erect dwellings on the herein described lot of ground, each to cost not less than $12,000. . . . It is hereby understood and agreed that the northernmost and southernmost of said dwellings to face the lots of ground on the north and on the south respectively.   It is hereby further understood and agreed that the said Robert H. Foerderer shall and will erect only four dwellings on the herein described lot of ground, each lot of ground appurtenant thereto to contain not less than a frontage of seventy feet.   The said Robert H. Foerderer hereby agrees to build, erect and finish the dwelling to be occupied by himself

within one year from the date hereof, the remainder of said lot to be beautified by a lawn."

The $1,000 was paid on account, at the date of the agreement. On July 6, 1893, $25,000 additional were paid on account, leaving owing $51,916.66. In the receipt for this money it was stated: " The deed for the said lot to be held in escrow by the Industrial Trust, Title & Savings Company. The title to said lot to be perfected within sixty days from the date hereof, or otherwise, as may be agreed upon at that time. Settlement to be adjusted as of July 5, 1893."

A portion of the premises thus agreed to be conveyed was derived, through intermediate conveyances, from the city of Philadelphia, which had conveyed the same, as part of a large lot, on July 6, 1888, to one Richard M. Hartley by a deed expressed to be under the following condition: " Under and subject to the condition that no mill, factory, brewery or distillery shall be erected on said several lots of ground, or any part or parcel thereof."

Plaintiff's statement averred that on or about July 6, 1893, appellee had demanded payment of the balance of the purchase money due; that said $25,000 had been then paid on account and the above receipt had then been given; that the title to the lot had been perfected within sixty days from July 6, 1893 ; that fourteen certain yearly ground-rent charges thereon, within that time, had been duly extinguished, by writing delivered by the ground-rent owner to the Industrial Trust, Title & Savings Company; that by that time a certain mortgage of the premises, amounting to $66,600, had been reduced by payment on account to the sum of $42,683.34, which was to be paid, upon settlement, out of the purchase money ; and that the deed from appellee to appellant, for the lot, was held in escrow by the Industrial Trust, Title & Savings Company.

The affidavit of defence set up the inability to deliver a title "good and marketable and clear of all incumbrances," because of the above recited condition in the deed from the city to Hartley. It denied that a deed had ever been tendered such as was required by the contract, on July 6, 1893, or at any other time; that the mortgage and the fourteen ground rents had been satisfied and extinguished of record ; that appellant knew of any instrument extinguishing the ground rents having

ever been executed and delivered and held by the Industrial Trust, Title & Savings Company, or of any arrangement by which the mortgage money was to be paid out of the purchase money.

Rule for judgment absolute.

*Errors assigned* were (1) in not discharging rule; (2) in entering judgment, quoting order.

*John G. Johnson, James Collins Jones* and *Lewin W. Barringer,* with him, for appellant.—Appellee was bound by his agreement of June 2, 1893, to convey a good marketable title clear of all incumbrances. The conditions imposed in the deed by the city to Hartley made it impossible for him to do this.: Rawle on Covenants for Title, §§ 75, 79; Prescott v. Trueman, 4 Mass. 630; Mitchell v. Warner, 5 Conn. 527; Carter v. Denman, 3 Zab. (N. J.) 273; Chapman v. Kimball, 7 Neb. 309; Post v. Campau, 42 Mich. 90; Fritz v. Pusey, 31 Minn. 368; Memmert v. McKeen, 112 Pa. 315; Burbank v. Pillsbury, 48 N. H. 475; Blain v. Taylor, 19 Ab. Pr. 228; Kellogg v. Robinson, 6 Vt. 276; Bronson v. Coffin, 108 Mass. 175; Hatcher v. Andrews, 5 Bush, 561; Lesley v. Morris, 9 Phila. 110; Anders's Est., 5 W. N. 78; Speakman v. Forepaugh, 55 Pa. 371; Herman v. Somers, 158 Pa. 424.

Appellee's inability to convey a good and marketable title, clear of all incumbrances, was not condoned by the fact that he might impose other restrictions upon appellant, equivalent in their onerousness, to the condition of the Hartley deed.

The deed from the city to Hartley imposed a condition subsequent: Hamilton v. Elliott, 5 S. & R. 375; Coke, Lit. 203a; Gray v. Blanchard, 1 L. Cas. Real Prop., p. 115; 4 Kent, Com. *132; Mitchell's Real Est. and Convey. 178; Pickle v. McKissick, 21 Pa. 232; Iron Co. v. Erie, 41 Pa. 341; Nav. Co. v. Gluck, 5 Pa. C. C. R. 662; Cowell v. Springs Co., 100 U. S. 55; 4 Kent's Com., *125.

Under no aspect of the case can the restrictions provided for in the agreement be held to impose a condition subsequent: Gray v. Blanchard, L. Cas. Am. Real Prop. 526: McKnight v. Kreutz, 51 Pa. 232; Paschall v. Passmore, 15 Pa. 295; 4 Kent, Com. 125.

The condition subsequent, in the Hartley deed, subjected the title to a burden much more onerous than that imposed by the restrictions of the agreement: Hamilton v. Elliott, 5 S. & R. 375 ; Scheaffer v. Scheaffer, 37 Pa. 525 ; Davis v Moss, 38 Pa. 346 ; Ray v. Gas Co., 138 Pa. 576 ; Hare's note to Dumpor's Case, 1 Sm. L. C., 7th ed. 105 ; Iron Co. v. Erie, 41 Pa. 341.

The condition subsequent imposed by the Hartley deed ran with the land perpetually. The agreement imposed upon appellant restrictions which were merely personal, and did not run with the land.

Even though this court should be of opinion that the restrictions in the agreement are equally onerous and dangerous with the conditions imposed by the Hartley deed, yet, in view of the fact that the rights of the city under that deed cannot be determined in this action, appellant should not be forced to accept a title subject to the latter, with the litigation which may follow.

It was the duty of appellee to deliver a deed imposing no restrictions. He was entitled to rely for future redress solely upon the covenants of the agreement sued upon.

No sufficient tender of performance by appellee was made prior to bringing suit: Withers v. Baird, 7 Watts, 227; Nicol v. Carr, 35 Pa. 381; Devling v. Little, 26 Pa. 502; Moss v. Hanson, 17 Pa. 379; Convers v. Vanatta, 24 Pa. 257; Kerr v. Kitchen, 17 Pa. 433; Dickinson v. Voorhees, 7 W. & S. 355; Hart v. Porter, 5 S. & R. 201; Devling v. Williamson, 9 Watts, 311; Lauer v. Lee, 42 Pa. 165.

*Wm. W. Wiltbank*, for appellee.—The restriction in the line of title, or covenant running with the land, was so narrow in its scope that it was completely swallowed up by the later restriction, likewise a covenant running with the land, which was created by defendant himself: 4 Kent's Com. 121 ; Cruise on Real Est., c. 26, §§ 1, 5, 6 ; McKnight v. Kreutz, 51 Pa. 232 ; Elphinstone, Deeds, 410 ; 1 Shep. Touch., p. 121 ; Perkins on Conveyancing, § 840 ; Wright's Tenures, 196 ; Coke, Lit. 215 ; St. Andrew's Lutheran Church's Ap., 67 Pa. 512 ; Coleman v. Coleman, 19 Pa. 100 ; Royer v. Ake, 3 P. & W. 461 ; Hannen v. Ewalt, 18 Pa. 9 ; Herbaugh v. Zentmyer, 2 Rawle, 159 ;

Dunbar v. Jumper, 2 Yeates, 74; Spencer's Case, 1 Sm. L. Cas., 4th Am. ed. 131.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 11, 1894:

This action, on the sealed contract between the parties for the sale and purchase of the lot described therein, was brought to recover the residue of purchase money, $51,966.66, with interest from July 5, 1893.

The facts, as claimed by plaintiff, are fully set forth in his statement, to which are appended, and made part thereof, copies of the two contracts and deed therein referred to. As specified in the original contract, the title to said lot was " to be good and marketable and clear of all incumbrances." In addition to the hand-money, $1,000, a payment of $25,000 on account was made about July 6, 1893, leaving balance above stated. Defendant having declined to accept the deed tendered by plaintiff and delivered by him to the Industrial Trust, Title and Savings Company, as an escrow, etc., this suit was brought.

To plaintiff's demand as presented in his statement, defendant filed a full and specific affidavit of defence which, upon a rule for judgment, etc., the learned court considered insufficient and entered judgment as follows against defendant: " Rule absolute, plaintiff to convey the lands to defendant discharged of the lien of the fourteen ground rents and the mortgage, upon tender of the balance due by defendant to him ; settlement to be made within fifteen days." From that judgment this appeal was taken ; and the only errors assigned are : (1) In not discharging the rule for judgment; and (2) in entering judgment for plaintiff as above stated.

In his answer to plaintiff's demand defendant has specified several grounds of defence. One of these is that plaintiff was unable to convey and did not convey or attempt to convey such title as under the terms of the contract defendant was entitled to, viz : a title " good and marketable and clear of all incumbrances." Another is that no sufficient tender of performance by plaintiff was made prior to bringing this suit.

These grounds of defence are so connected that they may be considered together ; and, in the view we take of them, either is sufficient to have required the discharge of the rule

for judgment. It clearly appears that the title to a portion of the lot in question was derived by sundry mesne conveyances from the city of Philadelphia, which conveyed the same, inter alia, in fee to Richard M. Hartley, "under and subject to the condition that no mill, factory, brewery or distillery shall be erected on the said several lots of ground or any part or parcel thereof."

It must be conceded that a title thus clogged with restrictions cannot be regarded as either "good and marketable" or "clear of all incumbrances." An incumbrance has been correctly defined to be "every right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance." Rawle on Cov. for Title, sec. 25. It has also been defined as, "a burden on land depreciative of its value, such as a lien, easement or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee:" 10 Am. & Eng. Ency. of Law, 361, and cases there cited. As a general rule, party-wall contracts, and real estate improvements, either required or forbidden, are incumbrances. For example, an obligation "to keep a certain style of fencing around a lot or farm, or to erect buildings in a certain way, and like restrictions, are incumbrances which the purchaser of land may wish to be relieved of; and the covenant against incumbrances, in its general form, covers all such land burdens. Where there is a known city ordinance inhibiting the erection of combustible buildings within certain limits, this restriction would not be deemed an incumbrance." Ib. 370.

If the buildings specified in the condition above quoted were so described as to include only wooden structures, etc., prohibited by city ordinance or general law, perhaps, under the authority last cited, such a restriction, reasonable in itself and in harmony with the local law, would not be open to objection by the defendant; but the prohibition extends to every mill, factory, brewery or distillery without regard to the quality of the structure or the materials of which it may be composed. A fire-proof mill or factory of the most substantial and ornate construction is as positively forbidden as the most inferior wooden structure. The absolute and unqualified use incident

to an unrestricted ownership in fee is thus converted into " one clogged with conditions and restricted in its enjoyment." As was well said by THAYER, P. J., in Lesley v. Morris, 9 Phila. 110, " A perpetual prohibition of this kind, fastened upon property, has a tendency not only to diminish the enjoyment of the estate, but also to affect its marketable value to a considerable degree,—a degree very difficult to be measured by any pecuniary allowance to be made to the defendant, and which makes his equity incapable of accurate or reasonable adjustment in money."

It must be evident from what has been said that the building restrictions fastened upon the title by the deed of the city to Hartley are an incumbrance thereon, and affect its market value. In addition to said restrictions the lot in question appears to have been subsequently incumbered by the fourteen ground rents and the mortgage referred to in the judgment of the court below. Such restrictions and incumbrances are surely quite foreign to a title that is either " good and marketable," or " clear of all incumbrances." We are therefore warranted in concluding that the title tendered to defendant was not such as under the terms of his contract he was bound to accept. If it were even doubtful, he should not be compelled to take it and assume the risks. " Every title is doubtful which invites or exposes the party holding it to litigation. . . . If there be color of an outstanding title which may prove substantial, though there is not enough in evidence to enable the chancellor to say so, a purchaser will not be held to take it and encounter the hazard of litigation with an adverse claimant:"Speakman v. Forepaugh, 44 Pa. 371.

But it is suggested that a sufficient answer to all this is found in defendant's agreement as to the number of dwellings he is to erect on the lot in question, their location, etc. We do not think so. Conceding said agreement to be a covenant, it is, at most, defendant's personal covenant, not running with the land, nor binding on his heirs. It would be fully performed by the erection of the four houses. There is nothing in it that can be construed into an undertaking to maintain said houses or to rebuild, in case of their destruction by fire or otherwise. In that regard the clause referred to is essentially different from the building restriction in the deed to Hartley. They

are wholly unlike both in quality and effect. The language employed in each respectively clearly shows how widely different they are and were intended to be.

Inasmuch as the case goes back for further proceedings, in case the plaintiff so elects, we express no opinion as to the merits of other grounds of defence relied on by defendant.

Judgment reversed and rule for judgment discharged.