# Howell, Appellant, v. Northampton Railroad Company.

*Equity—Specific performance—Incumbrance—Public road—Notice—Railroad.*

A decree for specific performance will not be made unless the legal obligation is clear and no injustice will result from its enforcement.

An incumbrance is a burden on land which depreciates its value, as a lien, easement or servitude, and includes any right to or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the conveyance of the title.

A contract to purchase a strip of land, free of incumbrances, for railroad purposes, will not be specifically enforced in equity, where the evidence shows that running lengthwise within the strip was a public road which had been practically abandoned by the public years before, that the public used another road laid out by the county near by, that the old road had the appearance of a private lane, and that its existence as a public road was not known to the officers of the company when the contract was made.

Argued March 7, 1905. Appeal, No. 295, Jan. T., 1904, by plaintiff, from decree of C. P. Northampton Co., Dec. T. 1903,

No. 10, dismissing bill in equity in case of David W. Howell v. Northampton Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance. Before SCOTT, J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*Aaron Goldsmith*, with him *O. H. Meyers*, for appellant.—A public road upon land, which the owner had covenanted to sell and convey clear of incumbrances, is not an incumbrance and the vendee cannot set up the same as a defense in an action for the purchase money: Patterson v. Arthurs, 9 Watts, 152; Peck v. Jones, 70 Pa. 83; Memmert v. McKeen, 112 Pa. 315; Friend v. Oil Well Supply Co., 179 Pa. 290; Eby v. Elder, 122 Pa. 342.

Even the courts will take judicial notice of the existence of public roads; much more ought a contemplating purchaser. The following cases are cited upon the question of notice of the existence of a public road: Ake v. Mason, 101 Pa. 17; Bailey v. Miltenberger, 31 Pa. 37; Hottenstein v. Lerch, 104 Pa. 454; Hicks v. American Nat. Gas Co., 207 Pa. 570; Wertheimer v. Thomas, 168 Pa. 168; Leonard's App., 94 Pa. 168; Schnyder v. Orr, 149 Pa. 320; Tabor Street, 26 Pa. Superior Ct. 167.

*Edward J. Fox*, with him *James W. Fox*, for appellee.— Plaintiff has an adequate remedy at law: Dalzell v. Crawford, 1 Parsons, 37; Weaver v. Shenk, 154 Pa. 206.

At the very outset the plaintiff is confronted with the fact that he failed to disclose to the officer of the defendant company that this was a public road and not, as it appeared to be, an almost abandoned private lane. This in itself would be almost sufficient to defeat his application to a court of equity for a decree for specific performance: Finley v. Aiken, 1 Grant, 83; Goodwin Gas Stove and Meter Co.'s App., 117 Pa. 514; R. R. Co. v. Cooper, 33 Pa. 278; Rigg v. Ry. Co., 191 Pa. 298; Evans v. Taylor, 177 Pa. 286; Stayton v. Riddle, 114 Pa. 464; Pomeroy's Equity, §1402; Waterman Spec. Perf. §19.

The road was an incumbrance : Herman v. Somers, 158 Pa. 424 ; Batley v. Foerderer, 162 Pa. 460 ; Clouse's App., 192 Pa. 108 ; Dalzell v. Crawford, 1 Parson's Eq. Cases, 37 ; Nicol v. Carr, 35 Pa. 381 ; Swayne v. Lyon, 67 Pa. 439 ; Wilson v. Cochran, 46 Pa. 229 ; Withers v. Baird, 7 Watts, 227 ; Gans v. Renshaw, 2 Pa. 34.

OPINION BY MR. JUSTICE FELL, March 20, 1905 :

The bill in this case was properly dismissed. A decree for specific performance will not be made unless the legal obligation is clear and no injustice will result from its enforcement. It could not have been made in favor of the plaintiff without disregarding the express terms of the contract and the manifest equity of the defendant.

The plaintiff agreed to sell and the defendant to buy a tract of land 2,500 feet in length and about fifty feet in width for railroad purposes. The consideration was $1.00 and an annual rent of $250, to be extinguished on the payment of $5,000 ; or the vendor at his option, to be exercised within thirty days, was to receive in payment bonds of the railroad company of the par value of $5,000 and to convey in fee simple clear of encumbrances. To avoid delay in the building of the road the defendant was allowed to enter on the land at once, having delivered its check of $1,000 to the plaintiff to secure its compliance with the contract. The plaintiff elected to accept bonds in payment and tendered his deed, six months after the date of the agreement and after the road had been built. The defendant refused to accept the deed for the reason that a part of the land was occupied by a public road running lengthwise of the tract, of the existence of which its officers had no knowledge when the agreement was entered into nor until the road was built. This public road had been laid out seventy years before over the plaintiff's land, but had been but little used for six years because the county had constructed a much better road parallel to and within a short distance of it. It had the appearance of a private lane extending from the plaintiff's buildings to a sand bank. The learned judge found that there was nothing on the ground to indicate the existence of a public road and that the defendant's officers who examined the land and made the agreement had no knowledge of it.

While practically abandoned, it was still a public road, which could not be occupied by the defendant without imposing upon it the duty to construct another road to take its place.

The defendant contracted for an absolute estate unfettered by any restriction upon its use and enjoyment. The land was to be " free of encumbrance." An encumbrance is a burden on land which depreciates its value as a lien, easement or servitude, and includes " any right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the conveyance of the title: " Batley v. Foerderer, 162 Pa. 460. A public road laid out over land is an encumbrance that affects its physical condition. Where the servitude is visible the purchaser is presumed to have knowledge of it and to have bought with this knowledge: Patterson v. Arthurs, 9 Watts, 152; Memmert v. McKeen, 112 Pa. 315. But in this case the presumption of knowledge of the existence of the road was effectually rebutted. A new road in plain view had been constructed to take the place of the old one, and the public travel had been diverted to it leaving on the ground no physical evidence of the public easement.

The findings of fact furnish no ground for the contention that the defendant took possession of the land and built a railroad on it after knowledge of the existence of the public road. There was no knowledge until four months after possession was taken, and without knowledge there could be no waiver of defects.

The decree is affirmed at the cost of the appellant.