# Juniata Water & Water Power Company *v.* Wilson Electric Company, Appellant.

*Equity—Equity practice—Injunction—Injunction affidavits—Bond.*

A decree granting an injunction without the filing of injunction affidavits and the entering of security, is in direct violation of equity rules 81 and 82, and of the principles governing practice in such a case, and such a decree will be reversed on appeal, although the court below made a subsequent order directing that the injunction should not issue until the plaintiff filed a bond and injunction affidavits.


Argued Oct. 25, 1909. Appeal, No. 288, Jan. T., 1909, by defendant, from decree of C. P. Huntingdon Co., Feb. T., 1909, No. 153, awarding an injunction in case of The Juniata Water & Water Power Company v. Wilson Electric Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.

The opinion of the Supreme Court states the case.

*Error assigned* was in awarding a preliminary injunction.

*James S. Woods*, with him *W. H. Woods* and *Charles C. Brewster*, for appellant.

*William S. Wallace*, with him *H. H. Waite*, for appellee.

PER CURIAM, January 3, 1910:

The prayer of the bill was for an injunction to restrain the defendant from operating its works so as to draw from the plaintiff's works more than the maximum electric power agreed to be supplied under a contract between the parties. A demurrer to the bill was overruled, and the defendant was granted twenty days within which to answer. At the same time the court of its own motion issued an injunction in accordance with the prayer of the bill. No injunction affidavits

had been filed and no security was required. A motion to dissolve the injunction was overruled, but the decree was amended by providing that the injunction should not issue until the plaintiff filed a bond and injunction affidavits.

The granting of an injunction without the filing of injunction affidavits and the entering of security was in direct violation of equity rules 81 and 82, and of the principles governing the practice in such cases: Kincaid's App., 66 Pa. 411; Gilroy's App., 100 Pa. 5. In these cases it was said that a general affidavit to the truth of the averments in the bill was entirely insufficient and that it was clearly error to grant a preliminary injunction where no affidavits had been filed with the bill supporting the facts therein stated. This is conceded in the argument for the appellee, but it is sought to sustain the decree on the grounds that the error in awarding the injunction in the first instance was cured by the subsequent order of the court requiring affidavits to be filed before an injunction should issue. This view would justify a decision against a party without competent proofs on the faith of evidence to be produced afterwards.

The decree of the court is reversed at the costs of the appellee.