Cohen et ux. *v.* Shapiro et al., Appellants.

Argued October 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John A. Metz,* with him *A. Sanford Levy,* for appellants.—Appellants were not obligated to accept appel-

lees' property subject to the easement: Girard Mammoth Coal Co. v. Coal Co., 275 Pa. 439; Ford v. Hedley, 62 Pa. Superior Ct. 380; Boyd v. McCullough, 137 Pa. 7; Bell v. Kennedy, 100 Pa. 215; Kutz's Est., 259 Pa. 548; McDermott v. Reiter, 279 Pa. 545; Nauman v. Box Co., 280 Pa. 97; Patterson v. Freihofer, 215 Pa. 47.

*A. Leonard Balter*, of *Brasley, Rubin, Balter & Cole*, for appellees.—Plaintiffs, having procured a release of easement, are entitled to specific performance: Moss v. Hansen, 17 Pa. 379; Tiernan v. Roland, 15 Pa. 429; McCague v. Schwartz, 276 Pa. 44; Hausman v. Johnson, 32 Pa. Superior Ct. 339; Boyd v. McCullough, 137 Pa. 7; Shrut v. Huselton, 272 Pa. 113.

OPINION BY MR. JUSTICE SIMPSON, November 25, 1929:
Defendants appeal from a decree in equity requiring them to specifically perform a written agreement for an exchange of properties "on or before May 10, 1928 . . . . . . by deeds of general warranty . . . . . . in fee simple, clear of all encumbrances, except as hereinafter mentioned." On May 1, 1928, defendants conveyed their property to the brother-in-law of one of them, by a deed which purported to be in fee simple, but was, in fact, in trust for the grantors. On May 10, 1928, the day specified for settlement, plaintiffs tendered to defendants a fee simple deed for their property, and demanded a like deed to themselves for defendants' property. Without assigning any reason, defendants declined to accept the tender, and refused to convey their property to plaintiffs. On the same day plaintiffs issued a summons in equity against defendants and the brother-in-law. On May 17, 1928, this writ, and a copy of the present bill in equity, was served on them. The bill averred that at the time the brother-in-law took title to defendants' property, he knew of the agreement of exchange between plaintiffs and the other defendants and was cognizant of its terms. On June 26, 1928, all of the defendants answered, ad-

mitting that the brother-in-law held title as trustee for the other defendants, and if plaintiffs were entitled to specific performance against them, relief should be granted against the brother-in-law also, who claimed "no interest whatever in said property." The answer also averred that plaintiffs did not tender and could not convey to defendants a fee simple title for their, plaintiffs', property, because it was subject to the easement of a right of way set forth in a deed previously made by plaintiffs to a third party. It is admitted that the easement existed; and it is no longer doubtful that it was an encumbrance preventing a conveyance "clear of all encumbrances," for which the agreement in suit provided: Nauman v. Treen Box Co., 280 Pa. 97; Batley v. Foerderer, 162 Pa. 460; Howell v. Northampton R. R. Co., 211 Pa. 284. This made the tender of May 10, 1928, wholly nugatory, and no other tender was ever made. On July 5, 1928, plaintiffs ordered the case for trial. The easement continued in force until July 7, 1928, when plaintiffs obtained a release therefrom, which they did not record, but concealed all knowledge of it from defendants, until they produced it at the trial of the case on February 8, 1929, which was had without any change in plaintiffs' pleadings to show the existence of the release.

It thus appears that at the time fixed for settlement of the exchange, at the time plaintiffs tendered to defendants a deed, at the time they began the present proceedings, and at the time they ordered the case for trial on the issues raised by the bill and answer, they could not have complied with their agreement; that for more than seven months after the latest of these dates they held the release of the easement, unrecorded and without giving defendants any notice of its existence, putting the latter to the expense of counsel fees and costs in preparing for and trying the case, and also keeping the title to and right of possession of defendants' property, like Mahomet's coffin, suspended between heaven

and earth, possibly resulting in its falling into disrepair and rent being lost, as not uncommonly eventuate under such circumstances. Yet plaintiffs asked the chancellor, at the trial, to compel defendants, in equity, to take the title and fully comply with the agreement of exchange, upon plaintiffs recording the release and tendering a deed for their property. The chancellor advised a decree to that effect and the court in banc entered it. We know of no equitable principle on which to sustain this conclusion, and unfortunately neither the chancellor nor the court in banc have stated any. Their sole reliance appears to have been on Moss v. Hansen, 17 Pa. 379; Irvin v. Bleakley, 67 Pa. 24, and Holt's App., 98 Pa. 257, but none of them is in point. The furthest limit to which any of these cases goes is expressed in the first of them, where it is said that "specific performance of a contract for the sale of lands will be decreed on the application of a vendor, if he is able to make a good title before the decree is pronounced." That rule cannot possibly be applied in equity, however, to cases like the present, where it would be inequitable to enter such a decree. Such an idea would be shocking to the conscience of a chancellor, for it asks him to do injustice under the guise of equity. The least that plaintiffs could and should have done, would have been to notify defendants as soon as they got a release of the easement, and then again tender performance of the contract. For reasons of their own, not disclosed on the record, they did not do this. It is quite possible, under the facts above stated, that an estoppel exists against them, but we need not consider that question for, in equity, the maxim "vigilantibus et non dormientibus aequitas subvenit" is controlling, since "nothing can call a court of equity into activity, but conscience, good faith and reasonable diligence": Kinter v. Commonwealth Trust Co., 274 Pa. 436.

We have not overlooked the fact that the chancellor, probably not unjustifiably, inferred that defendants con-

veyed their property to the brother-in-law for the purpose of defeating their agreement with plaintiffs. This fact, if it be one, perhaps would have been sufficient to discredit all their testimony, but the conclusion herein reached does not depend on anything they said or did, the case being decided here, as it should have been below, on the inequitable conduct of plaintiffs. Perhaps defendants' conduct, in the respect stated, would be sufficient reason for depriving them of equitable relief, but they are not seeking it. What they did, however, may properly be considered when determining who shall pay the costs.

The decree of the court below is reversed and plaintiffs' bill in equity is dismissed, but without costs to either party.