Mintzer et al. *v.* Turnbach et al., Appellants.

114

Argued March 6, 1934.

Before T<small>REXLER</small>, P. J., K<small>EL-</small> L<small>ER</small>, C<small>UNNINGHAM</small>, B<small>ALDRIGE</small>, S<small>TADTFELD</small>, P<small>ARKER</small> and J<small>AMES</small>, JJ.

*Philip L. Drum*, for appellant.

*John H. Bigelow*, for appellees.

O<small>PINION</small> <small>BY</small> B<small>ALDRIGE</small>, J., April 23, 1934:

The plaintiffs in this equity proceeding complained of the action of the board of supervisors of the town-

ship of Sugarloaf, in levying a certain millage for township purposes, and in adopting as the basis thereof valuations fixed in 1931, disregarding a subsequent adjustment made on or about the first of March, 1932, which resulted in reducing the valuation of plaintiffs' properties below the 1931 valuation; and prayed:

"(1) That an injunction shall issue, temporary until hearing, and perpetual thereafter, enjoining and restraining the defendants ...... from ...... demanding ...... the complainants ...... to pay the taxes levied, etc.

"(2) That the said levy as made by the said supervisors, based upon assessments of 1931, be adjudged and decreed as unlawful, void and unenforceable."

Apparently, some time in June, 1932, the substance of plaintiffs' complaint was informally stated to Judge COUGHLIN, who sat as a chancellor, and he requested that counsel try to agree upon the facts involved. Their effort to stipulate the facts was ineffectual, and, on July 11, 1932, "testimony was taken as if upon a motion to continue a preliminary injunction," on the part of the plaintiffs only. On July 27, 1932, the following decree was filed:

"(1) The preliminary injunction enjoining and restraining the defendants and each and every of them, of and from, enforcing or effecting, demanding, or requiring the complainants, or any of them, of Sugarloaf Township, to pay the tax levied in excess of the assessment adopted by the said township supervisors, and now in the hands of the said Charles Turnbach as tax collector for collection, as modified or adjusted by the board for the assessment and revision of taxes in Luzerne County and certified to the commissioners of Luzerne County, February 12, 1932, be made perpetual ......

"(3) The prothonotary will enter this decree nisi and will give notice of the same to the parties or their

counsel, and if no objections are filed within ten (10) days thereafter, the decree nisi shall be made as a final decree.''

On August 4, 1932, exceptions were filed by the defendants to the court's decree, which were dismissed on the 16th day of May, 1933. This appeal followed.

In so far as the record discloses, the complainants' bill was not filed until August 18, 1932; no injunction affidavits or bond were ever filed. We have, therefore, the anomalous situation of a hearing in an equity proceeding and the issuance of an injunction without any record of a bill, affidavits or bond filed. In dismissing the appellants' exceptions, the learned court below stated that ''the files were all before the court and counsel, and it's true that for some reason the date of filing was not endorsed upon the proceedings until the 18th day of August, 1932.'' No explanation is given as to what files they were, or what they contained, or why the action was not noted of record. The appellants state, in explaining their failure to move for a dismissal of the bill, which would have been the usual course to pursue, that the omission of plaintiffs to file a bill was only discovered when they attempted to enter an appearance and offered to file an answer, which the prothonotary refused to receive because there was ''no action listed as pending.'' The absence of injunction affidavits and bond was not noted by the defendants until they had received a copy of the court's decision and the decree nisi. Then the bill and opinion were found to be in the prothonotary's office. All these irregularities and imperfections were covered by appellants' exceptions to the court's nisi decree. Thus, it appears that the plaintiffs' testimony was taken as if upon a motion to continue a preliminary injunction, and that a permanent injunction was granted before complainants' bill was entered on the record or before defendants could answer, thus depriving them of their legal rights.

It is contended upon the part of the appellees that the appearance of counsel at the hearing constituted a waiver of all omissions. An appearance may waive a defective service, etc., but in the case before us, no action had been actually instituted so far as the record discloses; none was in existence; the defendants waived no rights.

Under Rule 26 of our equity practice, an action in equity is begun "either by the filing of a bill in equity, by an amicable action, or by a writ of summons." Rule 28 provides that each writ shall require the defendant to enter an appearance within 15 days after service and shall have thereon the name and address of the county in which the proceedings are pending, where the papers, process and notices may be served. There was no legal service of any writ. The filing of a bond was an essential prerequisite to the issuance of an injunction: Baur v. Wilkes-Barre L. Co., 259 Pa. 117, 121, 102 A. 430. The granting of an injunction was, therefore, in direct violation of the equity rules: Juniata Water Co. v. Wilson Electric Co., 226 Pa. 407, 75 A. 603. Equity rules have the force of a statute, and a bill not in compliance therewith and all proceedings consequent thereupon are void: Cassidy v. Knapp, 167 Pa. 305, 307, 31 A. 638; Summerhill Boro v. Sherbine, 88 Pa. Superior Ct. 419, 423. Under the Act of May 6, 1844, P. L. 564 (12 PS §2071), "no injunction shall be issued by any court or judge until the party applying for the same shall have given bond with sufficient sureties, to be approved by said court or judge," etc. The court, therefore, was clearly without jurisdiction to grant an injunction. This appears to be an instance when an effort was made to expedite unduly a proceeding, in violation of the statute and equity rules. As was said a number of years ago, "neither the pleasure of the parties nor the power of the court" can do this. The court, in answer to the objection that the bill was not accompanied by a

proper bond, states that no bond was filed because there was no preliminary injunction, and yet in his decree of July 27th he expressly refers to "the preliminary injunction enjoining and restraining the defendants," etc., being made perpetual.

We can but conclude that the proceeding was entirely irregular, and that the decree entered in the record in the shape as appears before us is void.

The order of the learned court below is reversed, and the injunction is dissolved. The record is remitted for further proceedings not inconsistent with this opinion. Costs to abide the event of the suit.