## Glenn *v.* Trees, Appellant, et al.

Argued March 26, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*C. H. Wallace*, of *Weller, Wicks & Wallace*, with him *John B. Greer*, for appellant.

*John A. Metz*, with him *Marshall & McCandless, Zeno F. Henninger* and *James F. Coyle*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 23, 1934:

Plaintiff filed a bill in equity against two defendants. The endorsement on it, as required by Rule 33, of the Rules of Equity Practice, promulgated by us under the authority of section 13 of the Act of June 16, 1836, P. L. 784, 789, states that the defendants are required to enter their appearance within fifteen days and to file their answer within thirty days from its service upon them. At the same time as the bill was filed, a writ of summons in equity was unnecessarily taken out by plaintiff's representative, which, following the endorsement on the bill, was made returnable fifteen days after service, instead of "as writs of summons in personal actions at law are returnable," as prescribed by the Act of June 5, 1915, P. L. 847, authorizing proceedings in equity to be thus begun.

The bill and the writ were both duly served on one of the defendants at the same time. He, thereupon, obtained a rule to set aside the service. The writ and its service were set aside, because the former was not made returnable as prescribed by the statute; but the service of the bill was sustained, since it "was in full and literal compliance with the rules of court, and the court acquired jurisdiction over the defendant by such service." From that order, the defendant who was served prosecuted this appeal. The order must be affirmed.

The only basis alleged for a reversal, is the allegation that as plaintiff "commenced his proceeding in equity by the issuance of a [faulty] writ of summons," the bill and all proceedings appertaining thereto must fall with it. But the fact is not as thus stated. By the docket entries it might be held that the proceedings were begun by the filing of the bill, since it appears first therein. It is probable, however,—and this conclusion is the best that appellant can possibly claim,—that the filing of the bill and the taking out of the summons were simultaneous acts. This being so, the proceedings were not commenced by the "issuance of a writ of summons," and hence the argument based on that supposed fact wholly fails. The form of the writ being essentially bad it was properly eliminated, but the bill and its service being good, and being complete in and of themselves, as well before as after the summons was stricken down, no reason appears why they should not be sustained. The Act of 1915, supra, under which the writ was issued, is an enabling or enlarging statute, and hence cannot properly be construed to limit in any way the practice and procedure regarding the bill and its service, as theretofore existing: Conerty v. Butler Co. Oil Refining Co., 301 Pa. 201; West v. Lysle, 302 Pa. 147. Indeed, this conclusion is set forth in the statute itself, which says "This act is not intended to prevent the commencing of a suit in equity by the filing of a bill as heretofore provided." Recognizing this, appellant finds it necessary to return to his basic error, that the action was commenced by the "issuance of a writ of summons," and hence says "A plaintiff may still commence his proceeding in equity by a bill, and such right is preserved by the Act of 1915, but we submit that when a proceeding is commenced by the issuance of a summons the bill cannot also be the initial process." From this it would seem to follow that if the bill is itself *an* initial process, as in fact it was, it could be prosecuted to final decree, wholly irrespective of the summons and its service. The only purpose of the writ

was to bring the defendant into court to answer the averments of the bill; and hence when there was due service of the bill upon him, the writ and all proceedings under it became functus officio, and could thereafter be wholly disregarded.

There is no equity in appellant's claim, and hence, since we are in a court of equity, we must do equity, which does not, unless compelled thereto, unnecessarily seek to prevent a litigant from promptly enforcing his claim for relief. See Kinter v. Commonwealth Trust Co., 274 Pa. 436; Cohen v. Shapiro, 298 Pa. 27.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.