Mervine *v.* Matthews, Appellant.

Argued November 26, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Cletus M. Lyman,* for appellant.

*Conrad A. Falvello,* for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1948:

The plaintiff, a former wife of the defendant from whom she had been divorced, instituted this proceeding in equity by filing her bill of complaint under the Act of May 10, 1927, P. L. 884, Sec. 1, 23 PS §94, 68 PS §501, for partition (i. e., a sale and division of the proceeds) of a piece of real estate acquired by herself and the defendant, during their coverture, as tenants by the entireties. For the purpose of bringing the defendant into court, the plaintiff caused him to be served with a copy of the bill. The service was made by an adult person, not, however, a civil officer. No summons was ever issued or served upon the defendant. He appeared *de bene esse,* as permitted by Rule 29 of the Equity Rules, for the purpose of questioning the court's jurisdiction of his person.

It is the defendant's contention that court jurisdiction of a party to a suit instituted under the Act of 1927, supra, can be acquired only through the issuance and service of a summons in the same manner and with like effect as in cases of partition at law. Upon the defendant's petition setting forth all of the facts material

to a disposition of that question, the court below granted a rule on the plaintiff calling upon her to show cause why the service should not be set aside and the proceeding quashed. No answer to the rule was needed and none was filed. After argument of the matter, the learned court below held the service to be valid and discharged the rule. From that order, the defendant appeals in exercise of the right allowed by the Act of March 5, 1925, P. L. 23, Sec. 1, 12 PS §672.

The learned chancellor based his decision on the grounds that the service of a bill in equity effectively brings a defendant into court and where the bill is served, a summons in equity is superfluous, citing *Glenn v. Trees,* 314 Pa. 550, 172 A. 673.

The Act of 1927, supra, under which the instant suit was brought, provides that "whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law."

It is clear that, under ordinary equity procedure as outlined by our Rules and implemented by court decision, the methods employed by the plaintiff in this case were wholly effective for the purposes of instituting the suit, bringing the defendant into court and subjecting him to the court's jurisdiction. Equity Rule 26 allows for the commencement of an action "either by the filing of a bill in equity, by an amicable action, or by a writ of summons;" see also *Mintzer v. Turnbach,* 113 Pa. Superior Ct. 113, 117, 172 A. 162. In the present instance the plaintiff began the action by filing her bill in equity in the court below; and, thereafter, she caused a copy of the bill to be served on the defendant in accordance

with Equity Rule 27 which provides that "bills in equity may be served by any adult person, and, in default of an appearance by the person served, an affidavit of proof of service shall be made and filed". The required proof of service was duly made and filed. It follows, therefore, that the plaintiff properly instituted the present suit.

The appellant contends, however, that the Act of 1927, which is the sole basis for the suit, requires that any action brought thereunder must be initiated by a summons in equity, and *only* in that manner, because of the provision in Sec. 1 of the Act of 1927, as above quoted, that "The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law". In support of that contention, the appellant points out that the Equity Rules became effective in 1925 and that the procedure thereunder had become established by 1927 when the presently pertinent Act of Assembly was adopted. Accordingly, the appellant argues, that, since the method of service of a summons in equity had been definitely established by Equity Rule 27, the provision last above quoted from the Act of 1927 (which would otherwise be superfluous) must be construed, in order to give effect to every part of the statute, to mean that the provision for the issuance and service of a writ of summons in equity is mandatory in cases of this nature.

But, under circumstances such as are here present, the argument carries the rule of statutory construction too far. The Equity Rules pertaining to process and service are patterned to a large extent after the established general principles of process and service at law, as an examination of the Rules will disclose: cf. also Equity Rule 91. The situation is especially apparent in the case of a writ of summons (a term appearing for the first time in equity practice in the Rules of 1925) : see Rule 27. Service of process in equity is, therefore, governed generally by the rules pertaining to correspond-

ing service at law; and at law, service in particular types of cases is frequently prescribed by specific statutory provisions, such as in regard to persons authorized to serve a writ of summons or other process. Thus, in cases of partition at law, service of the summons is prescribed by the Act of April 11, 1835, P. L. 199, Sec. 4, 12 PS §367, which sets forth specifically and in detail the manner in which service is to be accomplished. It was to indicate clearly that service of a summons in an equity suit for partition of real estate among divorced tenants by the entireties was to be in accord with the particular statute controlling partition actions at law, rather than in accord with the general legal principles regarding the service of summons, that the above quoted provision in the Act of 1927, as to process and service, was included. However, that provision does not designate the exclusive method of instituting a suit of the type here involved. Instead, it merely directs that when a suit of such nature is begun in the manner described by the statute, that is, by the issuance of a writ of summons in equity, service thereof shall be made in the manner specified in the Act of 1835 relating to the service of process in actions at law for partition. As was pointed out for this Court in *Glenn v. Trees,* supra, the summons in equity may be superfluous as a mere process to bring a defendant into court. Actually, then, the statutory provision relied on by the defendant in support of his sole assignment of error is not pertinent here since the plaintiff's suit was instituted by the filing and service of her bill in equity. Inasmuch as that was proper and the service of the bill was in accord with the prescribed Rules, the learned chancellor acted correctly in discharging the rule to show cause and in directing the defendant to enter a general appearance and answer in conformity to the Equity Rules.

The order is affirmed at the appellant's costs.