## Messing v. Messing

*J. Webster Jones*, for plaintiff.
*Lester J. Schaffer*, for defendant.

SLOANE, J., June 3, 1952.—This matter is before us on defendant's petition and rule to show cause why the question of jurisdiction should not be disposed of preliminarily, under the provisions of the Act of March 5, 1925, P. L. 23, 12 PS §§672-675, and Equity Rule 29, and why the alleged or pretended service of the bill in equity and preliminary injunction (entered on bill and affidavits) should not be set aside.

Plaintiff wife filed a bill in equity against defendant husband on December 17, 1951, praying that he be restrained from commencing or proceeding with an

action for divorce against her in the State of Nevada or any jurisdiction other than Pennsylvania. She avers that defendant's domicile is Pennsylvania, and that his address is her residence, 2237 N. Fifty-fourth Street, Philadelphia. (In another part of the bill, however, she says he left her home at that address on March 15, 1950, and lived apart from her thereafter without just cause or reason). She further states that on or about October 30, 1951, defendant left for Nevada, having stated to their young daughter that he was going there to obtain a divorce. On November 13, 1951, plaintiff received a letter from a Las Vegas, Nev., attorney, advising her that he had been retained by defendant to secure a divorce for him. He enclosed a power of attorney for plaintiff to execute, by which she would appoint an attorney to represent her, the purpose being to expedite the matter and enable defendant to obtain a fraudulent divorce.

Plaintiff avers that since 1948 defendant has been asking that she divorce him or consent to his divorcing her, and upon her refusal, threatened to go to another jurisdiction such as Mexico, Florida or Nevada and there institute an action for divorce against her.

Plaintiff further avers that defendant has been with the accounting firm of Laventhol, Krekstein & Co., 1528 Walnut Street, Philadelphia, for over 12 years, has been a partner for more than 5 years; that he is a partner at this time. She avers that defendant left the State to establish a temporary domicile, in bad faith, for the sole purpose of instituting a fraudulent divorce action in the other jurisdiction. Defendant, avers plaintiff, has no true grounds for divorce in this or any other jurisdiction and it would be a great hardship and expense for her to have to defend against a divorce action in a foreign jurisdiction.

Plaintiff prays that an injunction issue, preliminary until hearing, and final thereafter, restraining defend-

ant from commencing or proceeding with any action for divorce from plaintiff in Nevada or in any other jurisdiction except Pennsylvania.

Plaintiff filed two affidavits, one by her brother, Charles H. Wolfe, who lives with her, and another by Richard S. Robinson, a business associate of the brother, in which they attest from personal knowledge to the correctness of the averments of the bill. Upon consideration of the bill and the annexed affidavits, Oliver, P. J., issued a preliminary injunction restraining defendant from instituting or prosecuting an action for divorce in Nevada or elsewhere, and fixed a hearing for December 31, 1951, to determine whether the preliminary injunction should be continued. In addition to serving the bill and preliminary injunction in Philadelphia County, the court also granted leave to complainant to make service upon defendant and upon his Nevada counsel by registered mail.

The registered notices sent apparently were not delivered to defendant or his attorney in Las Vegas, Nev. The return of the Philadelphia service shows that a deputy sheriff handed a certified copy of the bill and the preliminary order of the court to Mrs. S. Waldman, in charge at the office of the firm of Laventhol, Krekstein & Co., 1528 Walnut Street, Philadelphia, "of which the said David A. Messing is a partner".

On December 28, 1951, three days before the date set for the hearing on the preliminary injunction, counsel for defendant, appearing specially for that purpose, filed the present petition upon which a rule was granted. In the petition defendant avers that he has not been a resident of Pennsylvania since June 1, 1946, when he established a permanent residence in New York. He retained this residence until October 29, 1951, and since October 30, 1951, he has been a resident of and domiciled in Nevada. Defendant avers he is a resident of Las Vegas, Nev., and that it is his

intention to establish his permanent home in that city. He states he has obtained employment as an accountant there and has rented permanent office space for the practice of his profession. He further avers that he has not been a member of nor had any connection with the firm of Laventhol, Krekstein & Co. since October 31, 1951. An affidavit of Albert Goldstein, a partner in the firm of Laventhol, Krekstein & Co., was attached to defendant's petition. He stated therein that defendant severed his connection with the firm October 31, 1951; that he had been a resident of New York from 1946 to the end of October 1951; that he had been advised that defendant on October 30, 1951, established his permanent home in Las Vegas, Nev., and obtained new employment there.

Plaintiff filed a reply to the petition in which she denied the material averments contained in it. She denied that defendant was a resident of New York from June 1, 1946, to October 29, 1951, and that he has been a bona fide resident of Nevada since October 30, 1951. She avers, on the contrary, that he maintained his residence and domicile at 2237 N. Fifty-fourth Street, Philadelphia, until he left to obtain a divorce in another jurisdiction, and that the alleged domicile in Nevada is false, fraudulent and dishonest, for the purpose of obtaining a fraudulent divorce from plaintiff.

Plaintiff states that at the time service of the bill was made by leaving it with an employe in charge of the office of Laventhol, Krekstein & Co. at 1528 Walnut Street, Philadelphia, defendant's name was listed on the entrance door of the firm, being no. 14 in the list of partners. Defendant is still registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1 et seq. as a partner in the firm. The further service by mail was also made as directed.

Plaintiff also avers that defendant filed a joint income return tax with her on March 12, 1950, in Philadelphia. His name appears in the Philadelphia telephone directory (May 1951) at the address of 2237 N. Fifty-fourth Street as well as at 1528 Walnut Street. She also avers that defendant never requested her to accompany him either to New York or Nevada.

Plaintiff requests the court to hold: (a) That it has jurisdiction of the subject matter, and (b) it has jurisdiction of defendant by reason of service upon him at his place of business, and by mail as directed by the court.

Depositions were taken for and against the petition. Defendant's deposition was taken on interrogatories and counter-interrogatories in Las Vegas, Nev. Depositions against the petition were taken by plaintiff and her brother, Charles H. Wolfe, in Philadelphia.

Defendant's deposition was to the effect that he lived in Philadelphia with his wife until May or June of 1946. At that time he was placed in charge of the New York office of Laventhol, Krekstein & Co., of which firm he was a partner, and thereafter took up his residence in New York. He asked his wife to join him there but she refused to leave Philadelphia. About October 31, 1951, he severed his partnership connection with the firm and moved to Las Vegas, Nev., intending to settle there permanently and to practice his profession there. He has rented offices for that purpose in Las Vegas. He stated that he did not move to Las Vegas for the purpose of obtaining a divorce but because he considered his employment prospects good there.

On the counter-interrogatories he admitted he kept some of his belongings at the home of his wife in Philadelphia until March of 1950. He admitted he owned an automobile which was registered from 2237

N. Fifty-fourth Street, Philadelphia, for the year ending March 31, 1951, and from 823 W. Fishers Avenue, Philadelphia, for the year ending March 31, 1952. (This automobile, he says, was sold in October 1951). He filed a joint income tax return with his wife for 1950, from Philadelphia. He also admitted that he executed no forms for his withdrawal from the fictitious name partnership of Laventhol, Krekstein & Co., though he stated that the termination of his interest was calculated as of October 31, 1951.

Plaintiff's deposition showed defendant came to Philadelphia to stay with his wife and child most weekends until the latter part of 1949 when his visits became more infrequent. It was not until March 25, 1950, that he finally removed all his belongings from her home and separated himself entirely from her. Her brother stated in his deposition that he was present on that occasion and that defendant told him then that he was going to get a divorce in any manner he could.

Defendant's petition is twofold: (1) That preliminary disposition of the jurisdiction of the court over the subject matter be made, and (2) that the service be declared defective and set aside.

The application, under the Act of March 5, 1925, P. L. 23, and Equity Rule 29, seeking preliminary determination of the court's jurisdiction over the subject matter, is not well taken.

" . . . the statute was not 'intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their determination may appear to be' ": Reading and Southwestern Street Railway Company v. Reading Street Railway Company, 361 Pa. 647, 648. The test of jurisdiction over the subject matter is the competency of the court to determine controversies of the general class of the action brought, even though it may ultimately be de-

cided that in the particular case the plaintiff is not entitled to the relief sought. See Witney v. Lebanon City, 369 Pa. 308, citing many cases in support. "The thing of chief importance on a question of jurisdiction of subject-matter is . . . whether the court is empowered to hear and determine a controversy of the character involved": Upholsterers' International Union of North America v. United Furniture Workers of America, C. I. O. et al., 356 Pa. 469, 473. See Washcalus Appeal, 170 Pa. Superior Ct. 20.

Defendant's position is that the depositions show he is neither resident nor domiciled in Pennsylvania and that he is a resident of Nevada, and therefore this court does not have jurisdiction. Of course, we do not adjudicate jurisdiction by saying it exists: Taft v. Commonwealth, 158 Mass. 526, 551. However the outcome of this case hinges on whether defendant does have his domicile here. Defendant wants us to decide the principal issue as a preliminary matter, and on depositions only; the principal issue ought to come to decision only after a full hearing. And we do have the power to hear and decide, which is jurisdiction: "Jurisdiction is power to decide the case either way, as the merits may require": Erickson et al. v. United States et al., 264 U. S. 246, 249.

This is not an action which cannot be maintained in one forum for lack of jurisdiction over the subject matter while it is maintainable in another and proper forum. This particular action is either maintainable in Pennsylvania or not at all. As to this part of his position, defendant is therefore really seeking the "short cut" determination, apparently on the theory that a full development of the issue could lead only to the same result. But we are required to examine only whether we have jurisdiction over the "class of action" which has here been brought, and we find that we have. Defendant's own cited cases, Janney v. Janney, 350 Pa.

133; Robinson v. Robinson, 362 Pa. 554, and Meng v. Meng, 47 D. & C. 429, show that we have judicial cognizance of the case. We should not decide now, preliminarily, what the final outcome may be.

The second part of defendant's petition asks that the service of process be set aside as defective. This was likewise the real issue in the Janney, Robinson and Meng cases rather than jurisdiction of the subject matter. Plaintiff may properly be here in this court; defendant cannot be unless he is properly served with process. The attack on the service is also made under the Act of March 5, 1925, P. L. 23, defendant's counsel having entered an appearance de bene esse for that purpose. See Robinson v. Robinson, supra.

Service in this case was made by leaving the bill and preliminary order with an employe in charge at the office of Laventhol, Krekstein & Co., Philadelphia, of which firm defendant was alleged to be a partner. Defendant's petition must stand or fall on the efficacy of this service. Additional service by registered mail to defendant and his counsel in Nevada was also authorized by the court but apparently was never made. This is however immaterial for such service is supplemental only, and would be ineffective by itself to bring defendant into court. On the other hand, failure to make this permissive additional service would not be fatal if the Philadelphia service is good. See Meng v. Meng, 47 D. & C. 429, 431-32.

The service was made under Equity Rule 27 and Pa. R. C. P. 1009 (b) (2) (iii). "Service of process in equity is . . . governed generally by the rules pertaining to corresponding service at law": Mervine v. Matthews, 358 Pa. 203, 206-07. The Rule of Civil Procedure above mentioned permits service on a defendant "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

This rule became effective January 1, 1947, and made a change in the prior practice regulating service at a defendant's place of business. Previously service at a place of business could be made only "if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed": Act of July 9, 1901, P. L. 614, sec. 1, cl. 1, 12 PS §291.

Under the prior practice service at a place of business was subordinated to that at the residence; under the Rule of Civil Procedure it is an unconditioned alternative to service at a residence, and requires no previous inquiry. See Goodrich-Amram, sec. 1009(b)-2.

The service in this case must be held good if defendant was still a partner in the firm at the time the service was made. The rationale of the new rule is that it is most effective to get notice of an action to a defendant to bring it to his place of business. This applies to an individual action against him, and it is not dependent upon the suit having a relation to the business or to defendant's connection therewith as a partner or official. Pa. R. C. P. 2128, governing actions against partnerships, has no application.

Testimony on defendant's status with respect to the partnership comes from defendant's statement that he quit the firm on October 31, 1951, and by affidavit of Albert Goldstein, one of the partners, to the same effect. This affidavit was attached to the original petition but no depositions were taken of this partner (or any of the others) as a witness. As against this, there is the failure to file a statement of defendant's withdrawal from the partnership, as required under the provisions of the Fictitious Names Act. While the failure to note the withdrawal is not conclusive evidence of defendant's continuance as a member of the partnership, it is significant evidence, and serves to outweigh the contrary testimony. Defendant's attor-

ney sought to make much of the Goldstein affidavit by repeatedly asking plaintiff (at the time of her depositions) whether she knew Albert Goldstein, considered him an honest man, and would accept his sworn statement. This was surely not the way to get his testimony in the record. It does not appear that he is unavailable, so that he could have been produced for depositions and subjected to cross-examination on whether defendant's membership in the Laventhol, Krekstein & Co. firm had actually been terminated. The testimony as a whole appears to point to defendant's continuing membership in the firm, regardless of possible change in his participation in profits. (He drew $13,575.06 as his share of the firm's profits in 1950). Since we find him still to be a member, the service by leaving the papers at the principal place of business of the firm at 1528 Walnut Street, Philadelphia, with a person in charge of the office, constitutes a good service upon defendant.

The Robinson, Janney and Meng cases, supra, on which defendant relies, are not in point. These cases all involved the question of service at an alleged residence of defendant and not service at a place of business. In the Janney and Meng cases it was held the residence of defendant was still in Pennsylvania, that his absence was temporary and merely for the purpose of obtaining a divorce in a foreign jurisdiction, and that service at the residence from which he was temporarily away, upon a person found at that residence, was good. In the Robinson case it was found that defendant was no longer a resident in this jurisdiction and the purported service upon him at his father's house, where he had formerly lived, was not good. The holding of the Robinson case is that in considering the efficacy of service at a residence, it is actual residence and not domicile that must be determined, for the rule governing service (Pa. R. C. P. 1009 (*b*) (2) (i)

speaks of residence only. The Robinson case explains the Janney and Meng cases on the basis that Pennsylvania residence was shown in those cases; it is also pointed out that the Janney case may not be taken for the proposition that service at defendant's last address in Pennsylvania is permissible even though he has in fact ceased to be a resident here.

That, upon the record so far made, we find defendant was a member of the partnership at the time of service, thus making the "place of business" service good, is of course no indication of the final outcome or determination upon the vital questions of residence and domicile after full hearing upon those issues.

We find that the court has jurisdiction of the subject matter, and that the service was not defective; defendant's petition is therefore dismissed upon both grounds.

Defendant is hereby required to enter a general appearance within 15 days hereof, and to make answer to the bill within 30 days hereof; upon failure to do so the bill may be taken pro confesso, and an appropriate decree entered in the case.