## Cherry Township v. Sullivan County, Appellant.

*Appeals—Quashing appeal—Interlocutory order—Pleading.*

An order sustaining a demurrer to a statement of claim to a certain extent, "with leave, however, to the plaintiff to amend the statement in this respect," but overruling the demurrer in all other respects, is an interlocutory order from which no appeal lies.

Argued March 7, 1906. Appeal, No. 7, March T., 1906, by defendant, from order of C. P. Sullivan Co., Sept. T., 1902, No. 62, sustaining demurrer to statement in case of Cherry Township v. Sullivan County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Demurrer to statement. Before TERRY, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*E. J. Mullen*, for appellant.

*Alphonsus Walsh,* for appellee.—A judgment on demurrer is not a final decree and an appeal therefrom will be quashed: Bishop v. Culver et al., 1 W. N. C. 272.

An appeal does not lie where proceedings are still pending in the court below: Hope Hose Co.'s App., 2 W. N. C. 451; Com. v. Blatt, 165 Pa. 213.

A judgment on demurrer is interlocutory or final in the same manner and in the same cases as a judgment by default: Tyler v. Hand, 48 U. S. 573; Kirchner v. Wood, 48 Mich. 199 (12 N. W. Repr. 44); Gesell's App., 84 Pa. 238; Citizens' B. & L. Assn. v. Hoagland, 87 Pa. 326.

PER CURIAM, April 23, 1906:

The defendant demurred to the plaintiff's statement of claim; after hearing the court held that the statement was defective in a certain particular, and to that extent sustained the demurrer, "with leave, however, to the plaintiff to amend the statement in this respect," and in all other respects overruled the demurrer. Thereupon the plaintiff filed an amended statement curing the defect pointed out in the opinion of the court. The defendant then took this appeal. The plaintiff moves to quash upon the ground, amongst others, that the order of the court is not a final judgment, and therefore the appeal is premature. The cases, cited in the appellee's brief, and many others that might be cited, show conclusively that the motion must prevail.

The appeal is quashed at the appellant's cost, and the record remitted with a procedendo.