# Lambert et al. *v.* National Hog Company.
## Gealy's Appeal.

*Courts—Jurisdiction of State and federal courts—Bankruptcy—Federal jurisdiction.*

A State court has power over property within its jurisdiction, and a receiver appointed to take charge of the same, up until the institution of proceedings in bankruptcy. At that time the jurisdiction of the federal court becomes paramount and exclusive. The authority of the State court and its receiver over the property of the bankrupt automatically ended, save for the single purpose of having the receiver properly account to the court which created him for what he had done under its orders.

*Receivers—Account—Unnecessary expenses—Surcharge.*

Where a receiver in a State court has resisted the appointment of a trustee in bankruptcy in a federal court and, in so doing, incurred expenses which resulted in no benefit to the estate, he cannot take credit for such expenses in his account filed in the State court, and he is properly surcharged with the amount thus erroneously expended.

Argued May 6, 1919.   Appeal, No. 159, April T., 1919, by accountant, from the decree of C. P. Allegheny Co., Jan. T., 1918, No. 673, sustaining exceptions to first and final account of T. M. Gealy, Receiver, in the case of H. R. Lambert, next friend to Gladys M. Lambert, M. Marie Lambert and Irma R. Lambert, all minor children of the said H. R. Lambert and Martha Lambert, wife of H. R. Lambert, v. National Hog Company, a Corporation.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Exceptions to account of receiver.   Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions and surcharged the receiver with $815.03, the amount expended in resisting the appointment of a receiver in bankruptcy, and the execution by him of the powers resulting from his appointment.   The accountant appealed.

*Error assigned* was the decree of the court.

*R. B. Ivory,* for appellant.—The State court had full power to pass upon the account, and the exceptions should have been dismissed: Shannon v. Sheppard, 42 A. B. R. 12; Gealey v. South Side Trust Co., 41 A. B. R. 645; Mauran v. Crown, etc., Co., 23 R. I. 344; Kennedy v. American Tanning Co., 81 N. J. Eq. 109.

*Lowrie C. Barton,* and with him *Lewis M. Alpern,* for appellee.—The institution of bankruptcy proceedings ousted the jurisdiction of the State court: Stellwagon v. Clum, 245 U. S. 605, 613; In re Sage, 224 Fed. 525; State of Missouri v. Angel, 236 Fed. 644; In re Louis Neuberger, 233 Fed. 701; In re Watts, 190 U. S. 1; Gealey, Receiver, v. South Side Trust Co., Receiver, 41 Am. B. R. 645.

The receiver had no right to contest the appointment of a trustee and he was properly surcharged with the expenses so incurred: Randolph v. Scruggs, 190 U. S. 533.

OPINION BY HEAD, J., July 17, 1919:

The jurisdiction of the State and federal courts, under the state of facts here developed, were never concurrent nor intended to be. When the jurisdiction of the State court attached it was complete and exclusive, and its receiver was lawfully invested with the powers of the court to deal with the property of the insolvent. A little later on, when the jurisdiction of the federal court attached, by the institution of proceedings in bankruptcy, that jurisdiction at once became paramount and exclusive. The power of the State court and its receiver, over the property of the bankrupt, automatically ended save only for the single purpose of having the receiver properly account, to the court which created him, for what he had done under its orders. If that account, as confirmed, showed a balance in his hands, with the payment of that balance to the receiver or trustee in bankruptcy, the receiver of the State court would have discharged his trust in an orderly and lawful manner. Had this course been followed, no trouble of any kind could have ensued and no occasion could have arisen for even an apparent clash between courts whose respective rights and powers are clearly defined by law.

It appears, however, that the receiver appointed by the State court conceived it to be his duty to resist, in the federal court and otherwise, the appointment of a receiver in bankruptcy and the execution by him of the powers resulting from his appointment. These efforts were futile and resulted in nothing save the fruitless expenditure of time and money. The receiver of the State court ultimately filed his account and took credit therein for considerable sums representing the expenditures incurred in the manner stated. The learned court below disallowed a number of these items, aggregating

something over eight hundred dollars, and surcharged the accountant with the amount thereof. The reason for this action is thus stated in the opinion filed by his Honor Judge Brown in disposing of exceptions to the account: "These items were for services rendered and disbursements made after the filing of the petition in bankruptcy and were in connection with contesting the right of the federal court to appoint a receiver and contesting the rights of said federal receiver. See Randolph v. Scruggs, 190 U. S. 533."

Assuming, as we do, that this statement by the learned judge correctly portrays the nature and character of the services rendered and the disbursements made, we are of opinion his action in surcharging the accountant was correct. If indeed such services and disbursements were of value to the bankrupt's estate, the federal court is open to hear and adjudicate such a claim. We do not understand that any services performed or disbursements made in the items referred to were performed or made under any order of the State court appointing the receiver. The assignments of error are overruled.

The appeal is dismissed at the costs of the appellant.