# Stamper *v.* Kogelschatz, Appellant.

*Appeals—Interlocutory order—Order overruling affidavit of defense—Question of law—Act of March 5, 1925, P. L. 23.*

1. An order overruling an affidavit of defense raising questions of law, is interlocutory, and an appeal therefrom cannot properly be taken until after a final judgment has been entered in the case.

2. An appeal under the Act of March 5, 1925, P. L. 23, can be taken only where a petition has been filed and the course prescribed by the statute has been pursued.

Argued January 3, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 319, Jan. T., 1926, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1924, No. 8186, refusing to sustain affidavit of defense raising questions of law, in case of Louise S. Stamper and John W. Stamper v. H. K. Kogelschatz. Appeal quashed.

Trespass for personal injuries.

Affidavit of defense raising question of law.   Before MARTIN, P. J.

Affidavit of defense raising question of law not sustained.   Defendant appealed.

*Error assigned* was order, quoting it.

*Louis Wagner,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.

*Michael D. Hayes* and *Wilson & McAdams,* for appellees, were not heard.

OPINION BY MR. JUSTICE SIMPSON, March 21, 1927:

Appearing specially for the purpose, defendant filed an affidavit of defense raising a question of law as to whether or not the summons in the case, which had been issued by one of the courts of Common Pleas of Philadelphia County, had been properly served in Montgomery County, by its sheriff, upon special deputization by the sheriff of the former county.   The court below overruled defendant's contention, and gave him fifteen days to file an affidavit of defense on the merits.   Without doing this, he prosecuted the present appeal.

The judgment thus entered is interlocutory, and, under the circumstances here appearing, an appeal cannot properly be taken therefrom until after a final judgment has been entered in the case: Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40; American Trust Co. v. Kaufman, 279 Pa. 230, 233.

The Act of March 5, 1925, P. L. 23, does not aid defendant.   Proceedings under it can only be "by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question [of jurisdiction over the defendant, or of the cause of action for which suit is brought] disposed of by the court."   No such course was pursued in the instant case,

and hence the statute cannot be invoked to sustain the present appeal: Wilson v. Garland, 267 Pa. 291.

The appeal is quashed.