# Solar Electric Co.'s Appeal (No. 2).

*Practice, C. P.—Jurisdiction—Preliminary proceedings—Act of March 5, 1925, P. L. 23—Statutes—Mandatory.*

1. The question of the jurisdiction of the court over a case must be raised preliminarily under the Act of March 5, 1925, P. L. 23; it is too late to file a petition under the act after the case has proceeded to final hearing.

2. The course prescribed by the act is mandatory and must be pursued.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 86, March T., 1927, by Solar Electric Co., from order of C. P. Jefferson Co., dismissing petition to raise question of jurisdiction in the matter of the petition for appointment of viewers to appraise and value the plant and works of the Solar Electric Co. Appeal dismissed.

Petition under the Act of March 5, 1925, P. L. 23, to raise preliminary question of jurisdiction. Before HARVEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Petition dismissed. Solar Electric Co. appealed.

*Error assigned* was order, quoting record.

*Raymond E. Brown,* with him *Charles J. Margiotti, W. M. Gillespie* and *Brooks, English & Quinn,* for appellant.

*W. N. Conrad,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

This is a companion appeal to the Solar Electric Co.'s Appeal (No. 1), supra, page 156; in it the appellant sought to raise the question of the jurisdiction of the court below by petition under the Act of March 5, 1925, P. L. 23; it did not do so however until the case had proceeded to final hearing. The question of jurisdiction under this act must be raised preliminarily and therefore appellant's petition came too late: Wilson v. Garland, 287 Pa. 291. The course prescribed by the act must be pursued: Stamper v. Kogelschatz, 289 Pa. 94.

It follows that this appeal must be and it accordingly is dismissed at the cost of the appellant.