Fidelity-Philadelphia Trust Co. et al., Trustees, *v.* Berkin, Appellant.

*Forenstein, Feldman & Harvey*, contra.

*Earl G. Harrison* and *Saul, Ewing, Remick & Saul*, for motion to quash.

Per Curiam, January 29, 1930:

This case involves an attempted appeal under the Act of March 5, 1925, P. L. 23. On September 16, 1929, plaintiffs filed a bill in equity. Defendant entered a general appearance on October 5th, and on October 17th filed preliminary objections to the bill, several of which attacked the jurisdiction of the court below. These objections were dismissed on October 30th and defendant was ordered to answer over. Plaintiffs, discovering that there had been an assignment of the mortgage upon which its proceeding was based, on November 20th, filed an amended bill. Thereafter, on November 25th, defendant filed a petition setting forth the same alleged jurisdictional questions as were covered by the original preliminary objections, and was allowed a rule to show cause, which, on December 3d, the court below discharged, on the ground that the questions involved were identical with those already decided against defendant in disposing of its prior objections; the court below at this time again expressed the opinion that it had jurisdiction over the subject-matter. Within fifteen days of the last mentioned order, defendant appealed to this court; plaintiff has moved to quash the appeal, and the motion must prevail.

The order here involved is one from which an appeal would not ordinarily lie; defendant, recognizing this fact, bases his appeal on the Act of 1925, but he failed to take the course, both as to time and form of procedure, prescribed by that statute. The act provides for preliminary proceedings to have jurisdictional questions determined, and for an appeal to this court from the judgment then entered; this statutory remedy can, however, be invoked only as to judgments entered at a preliminary stage of the case: Wilson v. Garland, 287 Pa. 291, 293; Wettengel v. Robinson, 288 Pa. 362, 367-8; Solar Electric Co.'s App. (No. 2), 290 Pa. 372, 373; Bernhardt v. Bass, 91 Pa. Superior Ct. 123, 125-6. Defendant, instead of raising his jurisdictional questions

by petition and rule to show cause in limine,—the procedure stipulated in the statute (Stamper v. Kogelschatz, 289 Pa. 94, 95),—entered a general appearance and filed preliminary objections, such as contemplated by our equity rules. Then, when those objections were decided against him, instead of claiming that he had substantially followed the Act of 1925 and taking an appeal thereunder, defendant waited, and, after the later developments already described, again attempted to make the same jurisdictional points previously overruled, doing so at a time when such points could not be accounted preliminarily raised, as required by the Act of 1925. The amended bill, filed in the period between defendant's first and second set of objections, stated no new cause of action and could not serve to take the case back to its preliminary stage, thus reviving defendant's right under the Act of 1925 and giving him the privilege of again raising the same objections as those originally entered and previously determined. The time for appeal cannot be prolonged in any such manner (Kaufman & Baer Co. v. Landau, 93 Pa. Superior Ct. 457, 460-1); even though the first objections filed were not in the form required by the Act of 1925 (Stamper v. Kogelschatz, supra; Hershey v. Brotherhood's R. & C. Fund, 290 Pa. 550), yet that preliminary stage of the proceedings was the time, and the only time, for defendant to get them right and bring himself within the terms of the statute, and this he failed to do.

The appeal is quashed.