## In re Cornelius

*James E. Riely* and *Russell J. Brownback,* for petitioner.
*Edward F. Kane,* for respondent.

CORSON, J., December 18, 1933.—Petitioner has filed a petition to have a receiver appointed for Charles F. Cornelius under the Pennsylvania Insolvency Act of June 4, 1901, P. L. 404, alleging his insolvency. Respondent has moved to dismiss the petition, for the reason that it does not aver that the respondent is one of the class to whom the Federal Bankruptcy Act does not apply, and that therefore this court does not have jurisdiction.

The controlling question is whether the Pennsylvania Insolvency Act is suspended by the Federal Bankruptcy Act. There is ample authority in earlier cases to support the contention of the respondent: Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206; Miller v. Jackson, 34 Pa. Superior Ct. 31; Hoover v. Ober, 42 Pa. Superior Ct. 308; Closser et al. v. Strawn, 227 Fed. 139; Morrison v. Brubaker, 4 Leh. L. J. 204. There are other lower court cases to the same effect as late as 1931. See In re Groves Assigned Estate, 16 D. & C. 371.

The later appellate cases in Pennsylvania and Federal courts, however, would seem clearly to decide that the State insolvency laws are not suspended and may be invoked up until bankruptcy proceedings are actually started: Lambert et al. v. National Hog Co., 72 Pa. Superior Ct. 378.

The Pennsylvania Insolvency Act was passed upon by a Federal court in the case of In re McElwain, 296 Fed. 112. The court there held that the Insolvency Act of 1901 "is not a bankruptcy act, but it is in harmony with the policy of the Bankruptcy Act and in aid of its purpose. . . . The Pennsylvania Insolvency Act is therefore not suspended by the National Bankruptcy Act."

See also Fidelity-Philadelphia Trust Co. v. Philadelphia-Girard National Bank, 33 F. (2d) 649, where the court cited and approved the law of the McElwain case, supra.

The question here raised would seem to have been squarely decided by the Pennsylvania Supreme Court in the cases of Walker v. Emerich, 300 Pa. 9, and Brock's Assigned Estate (No. 2), 312 Pa. 18, 25. It is unnecessary to discuss the authorities fully cited in these two cases. It is sufficient to say that we feel they control our decision in the present case.

And now, December 18, 1933, the motion to dismiss the petition is dismissed.
                                    From Aaron S. Swartz, Jr., Norristown, Pa.