Johnston Harder, Inc., was appellant's general agent in Western Pennsylvania for its insurance business. Affiliated Insurance Agencies, Inc., was the collector of insurance premiums for Johnston Harder, *Page 338 
Inc. Appellant filed a bill for an accounting against both of these companies. The agent filed an answer containing, as ancillary to its principal defense, a complaint under "new matter" and a request for affirmative relief. Therein it set up a counterclaim for unliquidated damages for the unlawful cancellation of the agency contract by appellant and the fraudulent seizure of their business. The other defendant, Affiliated, admitted it had $15,531.72 in its possession which was claimed by both the other defendant and appellant. It took the position that it was a mere stakeholder between parties adversely claiming the fund. This money was paid into court. Appellant filed preliminary objections challenging the right of defendants, appellees, to file separate answers, and attacking the answer of Johnston Harder, Inc., as unresponsive and improper because it set up a separate and distinct cause of action. The objections were dismissed and appellant was directed to file a reply to the "new matter."
Before discussing the question of whether the appeal is from an interlocutory decree, we will consider briefly appellant's preliminary objection that the "new matter" constituted a separate cause of action unresponsive to the bill.
Since the claim was for unliquidated damages, appellant insists appellee must pursue its appropriate legal remedy by separate suit. This conclusion entirely ignores the basis of appellant's bill of complaint. The subject-matter contained in detail under the heading "new matter" was not only responsive to the bill but germane to the cause of action therein. Appellant asked the aid of equity to obtain an accounting. The right grew out of an agency contract and its termination. The answer states that because appellant breached the contract and practiced fraud, its agent was entitled to withhold the funds until the damages could be assessed and compensation made for the unlawful cancellation of the contract and the seizure of the agent's business. The *Page 339 
broad controversy arising over the relationship between the parties as principal and agent was involved in the bill and answers. Equity having assumed jurisdiction over a cause of action will retain it for the purpose of effecting complete justice between the parties, even though there is included in such determination the settlement of unliquidated claims for damages. Equity, in these circumstances, is competent to dispose of the entire controversy to prevent unnecessary litigation: Wally et al. v. Wally et al., 286 Pa. 413, 417;Stone v. New Schiller B. L. Assn., 310 Pa. 196. Appellant having engaged the power of a court of equity to procure an accounting and force the payment to it of all funds in the hands of the agent, it would be grossly inequitable to permit this to be done while withholding from the agent the right to have determined a perfectly just claim against these funds and the principal. Moreover, the answer bears a direct relation to appellant's cause of action, and comes within the purview of our Equity Rule 52 which permits affirmative relief to be granted to a defendant.*
While it is true, as appellant contends, that a set-off cannot be pleaded against funds held in trust (Kelter, Trustee,v. American Bankers Finance Co., 306 Pa. 483, 494; ValleyButter Co. v. Minnesota Coöperative C. Assn., 300 Pa. 102,104), it is denied that these are trust funds. Furthermore, it is doubtful that the rule relied upon by appellant would apply in the case of a purely dry or passive trust, or where the set-off arises out of a matter connected with the trust relation. See Valley Butter Co. v. Minnesota CoöperativeC. Assn., supra. This is a question to be passed on by the court below on the evidence presented. *Page 340 
The objection to the separate answer filed by the Affiliated Insurance Agencies is without merit and needs no discussion.
This appeal is from the decree of the court below dismissing preliminary objections to the answers to appellant's bill in equity. Such an order is interlocutory and not appealable:Stone v. New Schiller B. L. Assn., supra;Fidelity-Philadelphia Trust Co. v. Berkin, 299 Pa. 196. Appellant contends, however, that its objection is to the jurisdiction of the court below to entertain the subject-matter of the answer praying affirmative relief and the appeal is therefore authorized under the Act of March 5, 1925, P. L. 23. The court below had jurisdiction over the persons and the subject-matter of both bill and answer. Jurisdiction of a cause of action relates "solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs": Skeltonv. Lower Merion Township, 298 Pa. 471, 473; Grime et al. v.Department of Public Instruction, 324 Pa. 371, 378. Furthermore, it has been frequently held that in order to take an appeal under the Act of 1925, the procedure prescribed by that Act must be followed: Stone v. New Schiller B. L. Assn., supra; Stamper v. Kogelschatz, 289 Pa. 94;Fidelity-Philadelphia Trust Co. v. Berkin, supra.
Appeal quashed.
* The purpose of the rule is to eliminate dual controversies over the same subject-matter and to prevent litigants from asserting a cause of action or complaint without giving to the parties to the controversy an opportunity to have their related rights fully adjudicated in one proceeding.