Gallagher *v.* Keystone Realty Holding
Company, et al., Appellants.

Argued September 28, 1938. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Donald C. Anderson,* with him *Elder W. Marshall,* and *Reed, Smith, Shaw & McClay,* for appellants.

*Walter M. Newman,* for appellee.

OPINION BY MR. JUSTICE LINN, January 9, 1939:

Plaintiff began this suit by petition alleging that he was a creditor of the insolvent defendant corporation and praying that a receiver be appointed pursuant to the Act of June 4, 1901, P. L. 404, 39 PS section 1 et seq.[1] For present purposes the facts averred must be taken as true. A rule on defendant to show cause was granted: section 7.

Without answering on the merits, defendant appeared *de bene esse* and filed its petition under the Act of March 5, 1925, P. L. 23, 12 PS section 672, challenging jurisdiction over the cause of action on the ground that, as the petition states, "a. The Act of 1901 upon which the

---

[1] The title of the act is as follows: "AN ACT Relating to insolvency; embracing, among other matters, voluntary assignments for the benefit of creditors, and adverse proceedings in insolvency by creditors; forbidding, also, certain preferences; providing for the distribution of the insolvent's estate, and in certain contingencies relieving him, and others liable with him, from further liability for his or their debts."

plaintiff's petition is based is superseded in the instant case by the Federal Bankruptcy Act. b. The Federal Courts have exclusive jurisdiction over the cause of action in the instant case." A rule on plaintiff to show cause was granted pursuant to section 2 of the Act of 1925 and, after hearing, was discharged. Defendant appeals from that interlocutory order.

While the general rule is that appeals do not lie from such orders, the legislature recognized that parties wrongly brought in should not be put to the expense and inconvenience of a trial on the merits, which had resulted from the rule that such orders were unappealable, and passed the Act[2] of March 5, 1925, P. L. 23, 12 PS section 672, allowing appeals from such interlocutory orders for the limited purpose of questioning, before trial, the "jurisdiction over the defendant or of the cause of action for which suit is brought": section 1.

In *Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc., et al.,* 332 Pa. 71, we said: ". . . The Act of 1925 'was not intended to furnish a short cut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be.' A court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the

---

[2] See *Miller Paper Co. v. Keystone Coal & Coke Co.,* 275 Pa. 40, 118 A. 565; *American Trust Co. v. Kaufman,* 279 Pa. 230, 123 A. 785, and *Clark v. Elkin,* 283 Pa. 339, 129 A. 97; the cases involving extraterritorial service under the Act of April 6, 1859, P. L. 387, appeared to present especially burdensome conditions; it will be noted that in *Clark v. Elkin* the extraterritorial service sustained in the court below was set aside on appeal, the Act having been passed between the time the order was made and the appeal was argued.

particular case: *Kaisha, Ltd., v. Ewing-Thomas Corporation,* 313 Pa. 442, 446, [170 A. 286]; *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547, [184 A. 286]. The question of jurisdiction relates solely to the competency of the court to determine controversies of the *general class* to which the case presented for its consideration belongs: *Skelton v. Lower Merion Township,* 298 Pa. 471, 473, [148 A. 846]; *Grime v. Department of Public Instruction,* 324 Pa. 371, 378, [188 A. 337]; *Massachusetts Bonding & Insurance Co. v. Johnston & Harder, Inc.,* 330 Pa. 336, 340, [199 A. 216]. Thus, in *Welser v. Ealer,* 317 Pa. 182, [176 A. 429], it was held that the court had jurisdiction over a suit for damages for injuries resulting from an automobile accident, although plaintiff was an employee of defendant and was injured in the course of his employment and thereby precluded from recovering damages for his injury by any method other than that prescribed in the Workmen's Compensation Act. What was said in *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 512, [191 A. 631], is here pertinent: 'The matters which the appellant raised as a preliminary question in the court below went to the right of the plaintiff to *recover* on his cause of action rather than to his right to have his cause of action *heard and determined.* With the former the Act of March 5, 1925, supra, is not concerned.' "

Has the court below jurisdiction to appoint the receiver, defendant's principal place of business being in Allegheny County? As it is conceded that the court, in a proper case, may appoint a receiver (cf. *McDougall v. Hunt. & Broad Top Mtn. R. R. Co.,* 294 Pa. 108, 143 A. 574), the inquiry is reduced to whether plaintiff has stated a case within the court's jurisdiction. We think he has.

Plaintiff relies on section 7 of the Act of 1901, P. L. 408, 39 PS section 31, which, in part, provides: "Any creditor of an alleged insolvent may, in the court of common pleas of the county where the alleged insolvent

resides or his principal place of business is situate, by petition, under oath, aver that such . . . corporation is insolvent, has not made an assignment for the benefit of . . . its creditors, is resident or is carrying on business in said county, and :—

"(1) . . . has exhibited a statement showing his inability to meet his liabilities, or has otherwise acknowledged his insolvency; . . . Whereupon, the court shall grant a rule to show cause why a receiver should not be appointed for the estate of such alleged insolvent, and all legal proceedings there against, if any, vacated and set aside . . ." Section 8 provides: "In such proceedings, as soon as the fact of insolvency be made to appear, the court shall forthwith appoint a disinterested person as receiver, unless the insolvent has made an assignment for the benefit of his creditors or has given security to pay petitioner's debt . . ."

Plaintiff avers that he is a creditor and that defendant is insolvent and that defendant's principal place of business is within the county.

The Insolvency Act is not inconsistent with the Bankruptcy Act merely because it authorizes appointment of a receiver in the circumstances alleged. In *Lambert v. National Hog Co. et al.*, 72 Pa. Superior Ct. 378, a receivership was sustained, subject, of course, to the transfer of the property for administration in bankruptcy when such proceedings followed. Congress recognized the right of a state court to appoint a receiver by providing in the Bankruptcy Act as amended June 22, 1938, c. 575, section 1, 11 USCA section 11(a), that "The courts of the United States . . . are hereby invested . . . with such jurisdiction at law and in equity as will enable them to . . . (21) Require receivers or trustees appointed in proceedings not under this title, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under

this title . . . and in all such cases to account to the court, . . . *Provided, however,* That such delivery and accounting shall not be required, except in proceedings under chapters 10 and 12 of this title, if the receiver or trustee was appointed, the assignment was made, or the agent was authorized more than four months prior to the date of bankruptcy . . ." In construing a state insolvency law regulating assignments for the benefit of creditors, the court, in *Pobreslo v. Joseph M. Boyd Co.,* 287 U. S. 518, 526, said: "And as proceedings under any such assignment may be terminated upon petition of creditors filed within the time and in the manner prescribed by the federal Act *(West Company v. Lea,* 174 U. S. 590), it is apparent that Congress intended that such voluntary assignments, unless so put aside, should be regarded as not inconsistent with the purposes of the federal Act." See also *Johnson v. Star,* 287 U. S. 527. If for the Supreme Court's words "proceedings under any such assignment," we substitute "proceedings under the state court receivership" it would seem equally apparent that Congress intended such receivership proceedings, "unless so put aside, should be regarded as not inconsistent with the purposes of the federal Act."

Congress made certain exceptions from what might otherwise have been an all embracing statute; within the field of those exceptions the state's power to legislate remained unimpaired as the case just cited shows. In that field the state insolvency act is in force and regulates the administration of insolvent estates until and unless the bankruptcy court on appropriate application takes over the administration of the estate. The farmer, for example, was exempted from involuntary proceedings; in any case, petitioning creditors must show that they are owed the jurisdictional minimum; the assignment for the benefit of creditors has been recognized as valid ever since the Act was passed in 1898 though, under the conditions specified in the Act, such assignment might furnish the ground for involuntary proceed-

ings in bankruptcy displacing further administration under the state law; when the amendment of 1938 (supra) dealt with "receivers or trustees appointed in proceedings not under this title," etc., the power of the state court to appoint receivers was likewise recognized, subject, as in the case of assignments, to subsequent action under the federal law. We can of course not know at this time what defendant may answer to the petition or what the trial may develop. All we now decide is that so far as now appears the court has jurisdiction of the cause of action.

Order affirmed.