## McCabe *v.* Ivory et al., Appellants.

Argued March 18, 1940.   Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of
*Doty & Thornton,* and *Harry C. Ploeger,* for appellants.

*C. W. Sypniewski,* with him *William L. Jacob,* for
appellee.

OPINION BY MR. JUSTICE PATTERSON, June 24, 1940:
These appeals, taken under the provisions of section
1 of the Act of March 5, 1925, P. L. 23, are from an order
of the court below determining that it has jurisdiction
over the cause of action in a proceeding for the parti-
tion of several parcels of real estate, instituted by Elinor
Ivory McCabe, appellee.   The appeal at No. 62 is taken
by all the appellants jointly and for that reason is bad;
the appeals at Nos. 63, 64, 65, and 66 are taken by four
of the appellants, severally, solely for the purpose of
protecting themselves "from danger of inadvertently
jeopardizing their rights by mistaken practice."

To the third amended bill of complaint in partition filed by the appellee, on January 4, 1939, with the consent of counsel for all parties concerned, the defendants named therein, appellants here, preliminarily objected on the ground that the bill was multifarious in that it embraced a tract of property in which less than all of the named defendants were interested. The preliminary objections were sustained with leave to appellee to amend, in accordance with Equity Rule 49, by striking out the objectionable paragraphs of her third amended bill, "without prejudice to the right of defendants to raise any questions, jurisdictional or otherwise, to the Third Amended Bill of Complaint as so amended, by either preliminary objections or answer to the Third Amended Bill of Complaint." This amendment was made by appellee, whereupon appellants presented a petition asking that the proceeding be dismissed for lack of jurisdiction over the cause of action, under section 1 of the Act of 1925, which provides: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme or the Superior Court, as in cases of final judgments." After argument, the court below dismissed the petition and these appeals followed.

Appellants concede that the bill as finally amended by leave of the court below is unobjectionable, but take the position that because the bill as originally filed embraced within it parcels of real estate in which less than all of the defendants were interested, the proceeding was void for want of jurisdiction from its inception, and further that "jurisdiction can not be created by amendment, even though the amendment purports to render the proceeding one proper for consideration were it brought de novo in the amended form."

The refusal of a court to vacate proceedings for want of jurisdiction is an interlocutory decree and no appeal lies therefrom unless especially allowed by statute: *Wilson v. Garland et al.,* 287 Pa. 291. While section 1 of the Act of 1925, supra, which appellants insist affords the necessary statutory authority to maintain the present appeal, allows appeals from such interlocutory decrees for the limited purpose of questioning, before trial on the merits, "jurisdiction over defendant or of the cause of action for which suit is brought," this Court has repeatedly held that the question of jurisdiction over the subject-matter relates, on appeals under the Act, solely to the competency of the court below to determine controversies of the general class to which the case presented for its consideration belongs. See *Gallagher v. Keystone Realty Holding Co.,* 333 Pa. 9, 12; *Skelton v. Lower Merion Township,* 298 Pa. 471, 473; *Grime et al. v. Department of Public Instruction,* 324 Pa. 371, 378; *Massachusetts Bonding & Insurance Co. v. Johnston & Harder, Inc.,* 330 Pa. 336, 340. "A court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case": *Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners et al.,* 332 Pa. 71. See also *Nippon Ki-Ito Kaisha, Ltd., v. Ewing-Thomas Corporation,* 313 Pa. 442, 446, and *Heffernan's Appeal,* 121 Pa. Superior Ct. 544, 547.

No question is raised by appellants as to the jurisdiction of the court below over their persons or as to its jurisdiction to deal with any of the properties partition of which is sought by the appellee. Therefore, the sole question within the scope of our inquiry on this appeal, as limited by the decisions above referred to, is whether the cause of action sued upon, to wit, parti-

tion of real estate, is within the general class of controversies committed to the jurisdiction of the court below. Of this there can be no doubt, in view of section 1 of the Act of July 7, 1885, P. L. 257, which provides that "The several courts of common pleas of this commonwealth shall each have all the power and jurisdiction of a court of equity in all cases of . . . partition, within their respective counties." Appellants admit this, for they state, in their brief: "The jurisdictional defect is not in the tribunal; it is in the fatal multifariousness of the bill by which the jurisdiction was attempted to be invoked." Since clearly the present proceeding was within a general class of controversies which the court below is competent to determine, and since there is no question as to the court's jurisdiction over the persons of appellants or over the property involved, the appeal will have to be dismissed.

The questions which appellants, in reality, are now asking that we pass upon relate solely to whether an action for partition can be sustained where the bill of complaint embraces, inter alia, property in which not all of the parties to the proceeding are interested, and whether such a bill can be amended by the elimination therefrom of such property. While the rulings of the court below on these questions are clearly interlocutory, and subject to review by this Court only after final decree *(Lewis v. Beatty,* 306 Pa. 242), it might not be amiss for us now to state that we are of opinion that the appellants' objections thereto are not well taken. Compare *Wistar's Appeal,* 105 Pa. 390; *Nevin et al. v. Catanach et al.,* 264 Pa. 523; *Doyle's Estate,* 291 Pa. 263.

Appeals dismissed. Costs to be paid by appellants.