## Stokes et al. v. Giarraputo & Son et al. No. 2

*Charles Salkind*, for plaintiffs.

*Frank R. Ambler*, for defendant.

*Philip Sterling* and *Elias Magil*, for additional defendant.

CRUMLISH, J., November 5, 1941.—This is a motion to dismiss action as to additional defendant.

1. Isadore Weinstock, and three occupants of an automobile operated by Weinstock, instituted suit in trespass against Giarraputo & Son as a result of a

collision with the Giarraputo truck. Subsequently, Giarraputo & Son obtained a severance of the claim of Weinstock from that of the other three plaintiffs. The petition and order for joinder of Weinstock as an additional defendant were served upon him at Fort Jackson, S. C., where he is in military service.

2. In support of the motion to dismiss, additional defendant contends that he should not have been joined because the petition is: (*a*) Inconsistent; (*b*) a pleading in the alternative; (*c*) the alternative averment of joint liability is a demand for contribution which sounds in assumpsit and, therefore, extraterritorial service should not be permitted; and (*d*) as the additional defendant is presently serving in the armed forces of the United States, he is within the terms of section 201 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, and, therefore, the joinder is defective.

The additional defendant further argues in support of his motion that the granting thereof would not prejudice the original defendant as a right to contribution in a separate suit in assumpsit is open to him.

Original defendant, after opposing additional defendant's argument based on the foregoing propositions, contends that the motion should be dismissed because it violates the time limit within which such an attack may be made, relying on Pa. R. C. P. 2256(*b*).

3. We shall consider the questions raised seriatim.

Additional defendant's first and second contentions may be considered together. In support thereof, it is urged that paragraph 7 of the petition for joinder avers that the original defendant was in nowise negligent in causing the accident, while in paragraph 8 it is averred that the additional defendant "is either alone liable or jointly or severally liable therefor with the defendant." The answer to these contentions is found in Rau v. Manko et al., 341 Pa. 17 (1941), where it was held at pages 21, 22:

"Rule 2252, for the joinder of additional parties, provides that a defendant 'may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him.' The words quoted are substantially the same as the corresponding provision in the amendment of June 22, 1931, P. L. 663, to the Act of April 10, 1929, P. L. 479, both of which are suspended by the Rules.

"It is true that the amending Act of June 25, 1937, P. L. 2118, provided for joinder of an additional defendant 'alleged to be alone liable or liable over to him for the cause of action declared on or jointly or severally or in the alternative liable therefor with him', and that the statute has been suspended. This amendment included much more than the mere addition of the words 'or in the alternative'; other provisions enlarged third party procedure, and it is perhaps fair to say that it was these other provisions that had resulted in quite general dissatisfaction with such procedure as developed after and pursuant to the amendments of 1937. This dissatisfaction, we think, did not result from the effect of the words 'or in the alternative', because, prior to the Act of 1937, conclusions in the alternative were accepted under the amendments of 1931: *Clineff v. Rubash*, 126 Pa. Superior Ct. 82, 86, 190 A. 543. *It is our opinion that third party procedure under the amendments of 1931 required, and now under the Rules of Civil Procedure requires, that a defendant, after averring the facts constituting the transaction declared on by the plaintiff, must be permitted to state legal conclusions in the alternative.* [Compare Rule 2258.] Not only do the Rules not forbid it, but the practice is implicit in such procedure; without it, the important purpose of bringing before the court all the parties to the transaction would be defeated." (Italics supplied.)

The third proposition, that if the allegation is considered as an averment of joint liability the demand for contribution sounds in assumpsit and extraterritorial service should not be permitted, is likewise without merit.

Assumpsit, debt and covenant were the original forms of actions at law for the recovery of contribution. By statute, assumpsit has been enlarged to include demands previously recoverable in debt and covenant; Act of May 25, 1887, P. L. 271, 12 PS §1. But, there is an established exception to this rule which has grown out of the gradual recognition of the right of contribution between joint tortfeasors. It is well settled in Pennsylvania, that, in a proper case, contribution among joint tortfeasors may be enforced in the same trespass action in which their common liability is established: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354 (1928) ; Rau v. Manko et al., supra, pp. 25, 26; Maio v. Fahs et al., 339 Pa. 180 (1940) ; Geraci et al. v. Lerner et al., 18 D. & C. 112; 18 C. J. S., Title "Contribution," sec. 13, pp. 21 et seq.; Pa. R. C. P. 2262(b). See also Act of June 24, 1939, P. L. 1075, 12 PS §2081.

The principle of substituted service, in cases arising out of automobile accidents involving nonresidents of the State wherein the accident occurs, is also well settled where suit has been brought in the county wherein the accident took place: Williams et ux. v. Meredith, 326 Pa. 570 (1937) ; Nathan v. McGinley et al., 340 Pa. 10 (1940) ; Act of May 14, 1929, P. L. 1721, sec. 2, as amended, 75 PS §1202.

The provision of a motor vehicle code requiring a nonresident to appoint a State officer as his agent on whom service may be made in legal proceedings is an incident of the nonresident's privilege to use the State's highways: Hess v. Pawlowski, 274 U. S. 352 (1927).

"We quite agree, and, indeed, have so held in the *Pawlowski* case, that the act of a non-resident in using

the highways of another state may properly be declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile . . .": Wuchter v. Pizzutti, 276 U. S. 13, 19 (1928). See also Dubin v. City of Phila. et al., 34 D. & C. 61 (1938).

We, therefore, conclude that the legislature, in passing upon the question, clearly set a distinctly different and proper method for the service of process upon nonresident motorists involved in accidents occurring on the Commonwealth's highway; and such service is valid in this case.

Moreover, this objection, being to the jurisdiction of the person, is in the teeth of Pa. R. C. P. 2256(a) which provides:

"Any defect of form or substance in either the petition or order may be attacked only by a motion to dismiss as to the additional defendant. The motion shall set forth specifically all objections to the form and substance of the petition or order, *but shall not set forth objections to jurisdiction of the court over the person or subject matter of the action. Objections to jurisdiction may be asserted only in the manner provided by law or rule of court.*" (Italics supplied.)

In order to take advantage of a defect in the service which is questioned on lack of jurisdiction over the person, defendant should have made a special appearance and moved to quash or set aside the service or return of service in a proceeding under the Act of March 5, 1925, P. L. 23, 12 PS §672. See Midora et al. v. Alfieri et al., 341 Pa. 27 (1941). The statutory method of raising questions of jurisdiction must be pursued: Solar Electric Co's. Appeal (No. 2), 290 Pa. 372 (1927); Stamper v. Kogelschatz, 289 Pa. 94 (1927). And such objections to jurisdiction must be made in due season. The filing of a motion to dismiss is a waiver of objections to the jurisdiction of the court: Goodrich-Amram, sec. 2256(a)-5.

At this point, it is to be noted that the court con-siders the question as to whether or not the additional defendant is a nonresident within the terms of The Vehicle Code to have been waived.

Unsound, also, is added defendant's final contention that the joinder is defective under the Soldiers' and Sailors' Civil Relief Act, supra. The order of joinder reveals on its face that Weinstock at the time of the joinder and service was a member of Company F, 38th Engineers, United States Army, stationed at Fort Jackson, S. C. It is, therefore, asserted that he comes within the protection of the aforementioned statute, and specifically within section 201 thereof, which provides that:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

It is our opinion that this act *does not render invalid* the joinder, as additional defendant, of a person in military service. It merely states that under certain circumstances it shall be *discretionary* with the court, on its own motion, or *mandatory* upon the motion of the person affected or someone in his behalf, *to grant a stay of proceedings*. There was, in this case, no such application, but the stay might have been granted in the discretion of the court. Failure to grant a stay, however, when discretionary with the court, does not invalidate these proceedings. Hence, there exist no defects in form or substance in the petition or order for joinder, which alone are within the scope of the motion to dismiss.

In view of the conclusions above set forth, we deem it unnecessary to rule on additional defendant's remaining proposition and original defendant's question as to whether or not the petition to dismiss is raised in season by the additional defendant.

Accordingly, we enter the following

### Order

And now, to wit, November 5, 1941, the additional defendant's motion to dismiss is overruled, and he is hereby granted 20 days from this date in which to file an answer.