## Marks v. Marks

*Edwin K. Logan,* for plaintiff.
*Kenneth M. McLure,* for defendant.

BRAHAM, P. J., March 10, 1950.—This is an action for divorce. Defendant by a preliminary objection challenged plaintiff's right to maintain the action, defendant alleging that plaintiff has not been a resident of the State for the period of one year required by the statute.

Pa. R. C. P. 1017(*b*) (1) provides that the question of the court's jurisdiction over the subject matter of the action or over the person of defendant may be raised by preliminary objection. By this device the rules assimilate the former practice under the Act of March

5, 1925, P. L. 23, 12 PS §§672, 674. This act is suspended except for the provisions with respect to appeal.

To the allegations of the petition raising the question of plaintiff's right to maintain the action plaintiff has made no answer. She has raised no defense either of law or fact and has given no explanation. Consequently judgment in favor of defendant may be entered pursuant to the motion for judgment now before the court.

In entering judgment it is well to warn the bar that, in a divorce action, the defense of plaintiff's lack of residence in the State for the statutory period is not properly raised by preliminary objection based on the Act of 1925.

This act is intended to permit preliminary determination of two types of jurisdictional questions: first, whether defendant has been properly served and is subject to the jurisdiction of the court; second, whether the controversy is of a class generally cognizable by the court: Zerbe Township School District et al. v. Thomas et al., County Commissioners et al., 353 Pa. 162; Jones v. Jones et al., 344 Pa. 310; McCabe v. Ivory et al., 338 Pa. 572.

Nathan v. McGinley, 342 Pa. 12, is a case of the first type; defendant, a nonresident, could not be served through the Secretary of Revenue when the action was not begun in the county where the cause of action arose.

The Zerbe Township School District case, supra, illustrates the second class. There a bill in equity to restrain waste was held not subject to attack for want of jurisdiction because of plaintiffs' failure to aver sufficient facts to entitle them to recover, so long as the relief claimed lay within the sphere of equitable relief.

"The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case": McCabe v. Ivory et al., 338 Pa. 572.

In the case at bar if plaintiff is unable to show her residence in this State for more than one year, her case fails. But this would ordinarily be determined at trial. She has not seen fit to answer the present preliminary objection either on the facts or by way of challenging the defendant's procedure. It is the purpose of all procedure to secure prompt disposition of cases. There is no reason why this case should not be terminated now. Accordingly, we make the following

*Order*

Now, March 10, 1950, defendant's preliminary objection is sustained and the case is dismissed at the cost of plaintiff.