## Washcalus Appeal.

Argued September 25, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Albert B. Carrozza,* for appellants.

*James Lenahan Brown,* with him *Daniel J. Flood* and *Flood & Brown,* for appellees.

OPINION BY RHODES, P. J., November 15, 1951:

This appeal is from an order of the Court of Common Pleas of Luzerne County denying a motion to quash an appeal which had been taken by taxpayers from the report of the auditors of the Borough of Exeter, Luzerne County.

On April 1, 1947, the borough auditors under the provisions of the Act of May 4, 1927, P. L. 519, 53 PS §12221 et seq., known as "The General Borough Act," filed their report of audit for the year 1946 with the clerk of the Court of Quarter Sessions of Luzerne County to No. 239, April Sessions, 1947. See section 1037 of the Act of May 4, 1927, P. L. 519, as amended by the Act of June 9, 1931, P. L. 386, 53 PS §12983.[1]

---

[1] The amendatory Act of July 10, 1947, P. L. 1621, known and cited as "The Borough Code," does not apply to this appeal.

Three taxpayers, appellees in the present appeal, on May 9, 1947, filed an appeal in the court below from the audit. Present appellants, consisting of borough councilmen, the borough treasurer, and the borough secretary, after the refusal of prior motions and petitions,[2] on August 11, 1950, moved to quash the appeal in the court below on the ground that it was not taken within forty days from the date of the completion of the audit.[3] Section 1038 of the Act of May 4, 1927, P. L. 519, as amended by the Act of June 9, 1931, P. L. 386, 53 PS §12984, reads as follows: "It shall be lawful for the borough, or any taxpayer thereof, on its behalf, or any officer whose account is settled or audited, to appeal from the settlement or audit to the court of common pleas of the county, but not later than forty days from the completion of the audit as shown by the posted hand bills or the statement filed with the clerk of the court of quarter sessions."

No final order disposing of the taxpayers' appeal having been entered, the present appeal is clearly interlocutory. "Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action . . .": *Paul v. Smith,* 343 Pa. 63, 64, 21 A. 2d 919. The General Borough Act of 1927, providing that appeals may be taken "as in other cases," does not authorize the present appeal. Section 1044 of the Act of May 4, 1927, P. L. 519, 53 PS §12990. Nor does the Act of March 5, 1925, P. L. 23, §1, 12 PS §672, under which appellants assert the appeal to this Court

---

[2] On May 26, 1947, appellants filed a petition raising jurisdictional questions and a motion to quash the appeal from the audit; and on March 28, 1950, they moved for a non pros.

[3] They claim that the completion of the audit within the meaning of the statute occurred some time prior to the date the auditors' report was filed in the Court of Quarter Sessions of Luzerne County.

was perfected, confer any right of appeal from the present order.[4]

Appellants do not question the jurisdiction of the court below over their persons, and section 1038 of the Act of May 4, 1927, P. L. 519, as amended by the Act of June 9, 1931, P. L. 386, 53 PS §12984, gives the court of the county where the borough is located jurisdiction of the subject matter, that is, the settlement or audit. "The procedure prescribed by the Act of 1925 for testing jurisdiction 'in the court of first instance' applies to questions of jurisdiction either of the defendant or of the subject-matter. . . . The thing of chief importance on a question of jurisdiction of subject-matter is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved": *Upholsterers' International Union of North America v. United Furniture Workers of America, C.I.O.,* 356 Pa. 469, 472, 473, 52 A. 2d 217, 219. See, also, *Rankin's Appeal,* 346 Pa. 167, 29 A. 2d 483; *McCabe v. Ivory,* 338 Pa. 572, 14 A. 2d 331. An alleged failure to comply with an Act of Assembly prescribing a statutory period within which a party must act or within which an appeal must be taken is another matter. See *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154; *Tuttle Unemployment Compensation Case,* 160 Pa. Superior Ct. 46, 49 A. 2d 847. The court below in denying appellants' motion to quash said: "The face of the record shows that the appeal was taken thirty-eight days after the statement was filed with the clerk. . . . The only reliable date [of completion] before us is the date of filing, . . . " Appellants have no standing to appeal preliminarily from the re-

---

[4] Rule 1451 (b) (7) of Rules of Civil Procedure, 12 PS Appendix, provides that the Act of 1925 is suspended "except insofar as [it relates] to appeals."

24

fusal of the court below to grant their motion to quash on this issue. *McCabe v. Ivory,* supra, 338 Pa. 572, 575, 14 A. 2d 331. The Act of 1925 deals only with " 'the question of jurisdiction over the defendant or of the cause of action for which suit is brought.' " *Masefield v. Masefield,* 159 Pa. Superior Ct. 6, 8, 46 A. 2d 329, 330. Without further delay there should be a hearing and disposition of the appeal from the audit on the merits.

Appeal is dismissed.