Marnet Hosiery Mill, Inc., Appellant, *v.* Greco.

Argued March 3, 1952. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent.)

*Thomas F. Burke,* with him *Frederic R. Gallagher,* for appellant.

*John R. Reap, Jr.,* with him *Reap & Reap,* for appellee.

OPINION BY ARNOLD, J., July 17, 1952:

Marnet Hosiery Mill, Inc. brought this action of assumpsit to recover for unfinished hosiery sold the defendant at $7.45 per dozen. The defendant filed an answer alleging a breach of warranty; that the goods were of an inferior quality, and that the defendant immediately reported that fact to the plaintiff. His answer stated his willingness to pay $4.00 per dozen for the merchandise. Under Pa. R. C. P. 1017, the plaintiff filed preliminary objections to the defendant's pleading, and asked for a more specific answer and for judgment.

The court below dismissed the preliminary objections and the plaintiff took an appeal, which must be quashed.

The overruling of an objection in the nature of a demurrer is not a final order from which an appeal lies, nor is the refusal of the court to require a more specific answer. Cases cannot be brought on appeal in installments, and are not reviewable until final judgment is entered, except in a few types of cases of which this is not one.[1] See *Leedom v. Philadelphia, Bristol & Trenton Street Railway Company*, 217 Pa. 278, 66 A. 361; *Cherry Township v. Sullivan County*, 30 Pa. Superior Ct. 502.

If we treat this as a matter of an appeal (under the Act of 1874, 12 PS §§1097, 1098) from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense, the result is the same. In the first place the courts will not enter such a judgment except in a clear case, and never where the ques-

---

[1] For the limited purpose of jurisdiction over defendants or cause of action such appeal may be had: *Gallagher v. Keystone Realty Holding Company*, 333 Pa. 9, 3 A. 2d 426. See also *McCabe, v. Ivory et al.*, 338 Pa. 572, 14 A. 2d 331, and *Thomas v. McLean*, 365 Pa. 526, 76 A. 2d 413.

tion turns on the informality of the pleading. Here the defendant pleaded that he "immediately" notified the plaintiff of the inferior quality of the goods. (See §§49, 69 of The Sales Act, 69 PS §§259, 314). The appellant is not injured by such a pleading. If the plaintiff did not receive any notice, that is its defense. If it did receive notice, it knows when it was given.

The question will be determined on the merits when final judgment is entered. We suggest, however, that the defendant amend and amplify his answer by describing more fully what is meant by the phrase that he "immediately" gave notice of the alleged breach of warranty.

Appeal quashed.