## Summers v. Summers

*H. Lester Haws*, for plaintiff.

*Morris Gerber*, for defendant.

DANNEHOWER, J., October 28, 1955.—In this divorce action on the grounds of willful and malicious desertion, defendant wife filed a preliminary objection aver-

ring that this court does not have jurisdiction, because the wife secured a divorce from plaintiff on May 27, 1955, in the State of Louisiana and has attached a photostatic copy of the judgment of that court to that effect. To this preliminary objection, plaintiff has filed no replication or answer.

This preliminary objection was argued before the court en banc and is pending for decision.

The complaint alleges that the parties are husband and wife. The preliminary objection alleges that they are not husband and wife because of the alleged Louisiana divorce. This is a speaking demurrer and raises an issue of fact and does not raise a true question of jurisdiction. This court, on the face of the complaint, has jurisdiction of the person and subject matter and the test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case: McCabe v. Ivory et al., 338 Pa. 572.

We consider the alleged fact of divorce as an affirmative defense and as such, under our Rules of Civil Procedure, rule 1030, should be pleaded under the heading of "New Matter".

It might very well be that when this alleged divorce is pleaded under "New Matter", plaintiff will file a reply thereto alleging that said divorce is fraudulent or void for lack of jurisdiction and an issue will then be raised as to the validity of said alleged Louisiana divorce, which issue ordinarily would be determined at trial.

### Order

And now, October 28, 1955, for the foregoing reasons, defendant's preliminary objection is overruled and dismissed and defendant is allowed 20 days from this date to file an answer or affirmative defense, if she sees fit.