Richard Gibney *v.* Council of the Borough of Darby. The Borough of Darby, Appellant.

Argued September 28, 1978, before Judges CRUM-LISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Peter J. Nolan,* for appellant.

*Michael A. Paul,* for appellee.

OPINION BY JUDGE DiSALLE, November 22, 1978:

On March 14, 1975, Richard Gibney (Appellee), a former police officer for the Borough of Darby (Appellant), brought suit in the Court of Common Pleas of Delaware County against Appellant, claiming that he had suffered a *permanent injury* in the performance of his police duties. Following an adverse decision, from which no appeal was taken, Appellee filed an action in mandamus in the same Court, alleging that he had suffered a *temporarily disabling injury* and that Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637, entitled him to receive his full salary until the disability had terminated.

Appellant filed preliminary objections to Appellee's complaint, asserting that Appellee had an adequate remedy at law and requesting that the complaint be dismissed. The lower court overruled Appellant's preliminary objections and granted Appellant leave to file a responsive pleading. Instead, Appellant appealed to this Court. Appellee filed a motion to quash, claiming that the appeal was interlocutory. We agree with Appellee. Accordingly, we grant his motion to quash.

The general rule is that an order dismissing a party's preliminary objections is interlocutory, and,

therefore, not appealable. *Borough of West Homestead School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970). An appeal from such an order will be quashed unless it falls within the scope of a statute or special rule of law which obviates the general rule. *West Homestead, supra; Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 246 A.2d 384 (1968).

Appellant argues that the lower court's order raises a "question of jurisdiction" over the subject matter of the action which is within the scope of Section 1 of the Act of March 5, 1925 (Act), P.L. 23, *as amended,* 12 P.S. §672, which reads as follows:

Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments.

This section has been construed to apply only to questions of jurisdiction either of the defendant or of the subject matter. *Upholsterers' International Union of North America v. United Furniture Workers of America, C.I.O.,* 356 Pa. 469, 52 A.2d 217 (1947); *Appeal of Washcalus,* 170 Pa. Superior Ct. 20, 84 A. 2d 220 (1951). Appellant questions neither the competency of the lower court to hear the matter involved, nor the adequacy of service, but simply concludes that a jurisdictional question exists. We cannot agree.

Section 4 of the Act, 12 P.S. §675, provides that the right of appeal does not extend to "questions of jurisdiction which go to the form of the action alone

as between law and equity." Having excluded such questions, it is clear that the legislature could not possibly have intended to permit the instant appeal. Furthermore, in interpreting Section 4 of the Act, the Pennsylvania Supreme Court has consistently held that a lower court's order dismissing a party's preliminary objections to equity's jurisdiction over the subject matter, the objection being that there was an adequate legal remedy, fails to raise an appealable question of jurisdiction under the Act. *White v. Young,* 402 Pa. 61, 166 A.2d 663 (1960); *Guzek v. Empire Wholesale Co.,* 396 Pa. 78, 151 A.2d 470 (1959). We find, therefore, that the lower court's order does not fall within the scope of the Act.

We will grant Appellee's motion to quash.[1]

## ORDER

AND Now, this 22nd day of November, 1978, Richard Gibney's motion to quash is granted.

---

[1] Having quashed the appeal, we need not decide whether the lower court properly overruled Appellant's preliminary objections.