## Appeal of Zerbe Township School District et al.

*Richard Henry Klein,* for appellants.

*James J. Gallagher, John M. Smith, Jr.,* and *Frederick E. Lark,* for county commissioners.

*D. W. Kearney, Charles C. Lark* and *John M. Smith, Jr.,* for intervening respondents.

CUMMINGS, P. J., November 28, 1945.—This matter is before the court on argument had on a rule granted against appellants in the above petition for appeal from the 1945 assessments on county-owned land in Zerbe Township, to show cause, if any they have, why the appeal from the assessment should not be dismissed for want of jurisdiction.

On October 26, 1945, the petition in the above case by the School District of Zerbe Township and the Township of Zerbe was presented to the court praying that an appeal be allowed from the revised valuation and assessment for the year 1945 made by the County Commissioners of Northumberland County sitting as a board of assessment and revision of taxes. The appeal was requested on all coal lands in Zerbe Township, Northumberland County, Pa., which were purchased by the county commissioners at county treasurer's sales on April 29, 1943, and January 25, 1945. The revisions complained of were made on February 15, 1945. On October 26, 1945, an order was made by the court allowing the said appeal and the petition and order allowing the appeal was filed to no. 222, December Term, 1945.

Thereafter, to wit, on November 19, 1945, an order was entered by this court pursuant to the act of assembly in such case made and provided appointing Monday, November 26, 1945, at 10 o'clock a.m., at the court house in Sunbury, Pa., as the time and place for the hearing of the appeal and proofs in the case in the above matter. In said order the prothonotary was directed to give notice to the Commissioners of Northumberland County, sitting as a board of assessment and revision of taxes, and to the appellants, of the appointing of said date for hearing.

On Monday, November 26, 1945, at 10 o'clock a.m., when the matter was called, a petition was presented by the Commissioners of Northumberland County praying for a rule to show cause why the question of jurisdiction of the subject matter of the controversy should not be preliminarily determined. Appearances de bene esse were filed by counsel representing the said county commissioners. At the same time petitions to intervene were filed by H. Marshall Reinhardt, Webster Yocum, North Line Coal Company, West Line Coal Company and Steam Coals, Inc. In these petitions it was recited that the said petitioners had redeemed some of the land in question, in September and October 1945, and therefore that they would be vitally affected by any change in the said assessment. The petition prayed that the court should permit the petitioners to intervene de bene esse for the purpose of questioning jurisdiction of the court over the subject matter in conformity with the provisions of the Act of March 5, 1925, P. L. 23. There being no objection by counsel for appellants an order permitting leave to intervene de bene esse was granted by the court the same day.

Counsel for the intervening respondents thereupon requested the court for permission to adopt the petition of the county commissioners under the Act of 1925,

supra, as their petition and to argue the same questions as were raised by the petition of the county commissioners to question jurisdiction. There being no objection the court permitted the same to be done.

The court then directed that argument should be had immediately on all of the petitions questioning jurisdiction filed by the county commissioners and the intervening respondents.

The question raised by the petition questioning jurisdiction is whether this court has jurisdiction over the subject matter under the Act of March 5, 1925, P. L. 23, 12 PS §672. The test of jurisdiction is whether the court has power to enter upon the inquiry: Gallagher v. Keystone Realty Holding Co., 333 Pa. 9.

In Silver v. County of Schuylkill, 32 Pa. 356 (1859), there was an appeal taken from the decision of the Commissioners of Schuylkill County under which an assessment of lands of the appellant, a property owner, was raised from $37,000 to $76,000. The matter was appealed to the Court of Common Pleas of Schuylkill County and the jurisdiction of that court was attacked by the commissioners. The Supreme Court, in affirming the action of the court below, stated that the Court of Common Pleas had jurisdiction to hear and determine the case. It was there stated (p. 357) :

"It is not questioned, that the Common Pleas has judicial competence to hear and determine cases of taxation. And when a case of that kind is instituted in court by appeal, the court obtains jurisdiction to hear and determine it. This, therefore, is a case within the competence of the court, and a cause within its jurisdiction, and the court was bound to determine it. . . . It is argued, that the whole proceeding was beyond the jurisdiction of the court, for the reason that the Commissioners had no authority to increase the valuation, and therefore it was void, and furnished no basis for a valid appeal. We need not say, whether this reason is well founded or not; for it does not support

the conclusion—the want of jurisdiction of the court. It is the cause in court that is in question. The subject matter of it was within the judicial power of the court, and it was instituted in court by appeal, and thus the jurisdiction attached."

In Mauch Chunk Township Taxpayers Assn. v. Kern, 339 Pa. 257 (1940), the Supreme Court held that an appeal from an assessment was the proper remedy to be taken under the circumstances.

Northumberland County is a county of the fifth class and therefore falls within the provisions of The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453-101 et seq. That act, under section 803, becomes effective immediately upon final enactment, and in section 801 repealed, so far as it applies to counties of the fourth to eighth classes, The General County Assessment Law of May 22, 1933, P. L. 853.

Under section 706 of the Act of 1943, supra, 72 PS §5453.706, "the corporate authorities of any . . . township or school district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, shall have the right to appeal therefrom to the . . . court of common pleas . . . in the same manner, subject to the same procedure and with like effect as if such appeal were taken by a taxable with respect to his assessment, and in addition may take an appeal from any decision of the board . . . as though it had been a party to the proceedings before such board . . . , even though it was not such a party in fact".

It was contended by the respondents that under the Act of May 10, 1921, P. L. 441, sec. 1, 72 PS §5183, the corporate authorities of any township or school district which may feel aggrieved by any assessment of any property subject to taxation for its corporate purposes shall have the right to appeal to the court of common pleas in the same manner, subject to the same pro-

cedure, and with like effect as if such appeal were taken by a taxable with respect to his property. The Act of 1921, supra, which is relied upon by respondents was absolutely repealed in section 601, subsec. 72, of The General County Assessment Law of May 22, 1933, P. L. 853, 888.

The appellants' petition for the allowance of the appeal in question recites that the lands in question were purchased by the county commissioners on April 29, 1943, and January 25, 1945, at county treasurer's sale for unpaid taxes, and that on February 15, 1945, the Commissioners of Northumberland County, sitting as a board of assessment and revision of taxes, fixed new and revised valuations on the said lands owned by the county as aforesaid for the year 1945, which revisions lowered the assessments from their previous 1944 assessment total of $1,076,310 to a revised 1945 assessment of $280,480. It is alleged that in making such a revision the commissioners acted without following the provisions of the said Act of 1943 in that they never gave the petitioners in said appeal notice of the intended change, or the fact of the change in the said valuations; that the county commissioners, sitting as a board of assessment and revision of taxes, did not publish a notice in the paper of the said assessment as required by section 604 of the said act, and that no notice was given to the petitioners in the petition for appeal as the beneficial owners of the property that the assessment was changed from that of the preceding year, which notice is required by section 701 of the act. The petition also recites that the chief assessor must send a copy of the assessment to the various local taxing bodies on or before February 1st, and that therefore the action of the county commissioners, sitting as a board, on February 15, 1945, was too late to change the assessment for that year. The petition also alleges that the revised assessment was a fraud on the taxing bodies, which were petitioners, in that the county com-

missioners revised the said assessments without appeal by anyone, without knowledge or notice to the petitioners, and it affected lands in which the county mining engineer, who submitted the new and revised valuations of these coal lands to the county commissioners on February 15, 1945, was interested either directly or indirectly, and in which the county solicitor was also interested either directly or indirectly. The petition also calls attention to the fact that in September and October of 1945 various individuals and coal companies were permitted to redeem a portion of the lands in question, all of which were owned by the county on February 15, 1945, and the petition alleges that the petitioners are aggrieved by the new and revised valuation.

The petition further alleges that the petitioners had no knowledge of the revision of the said assessment on February 15, 1945, until on or about October 15, 1945, and that they filed the said appeal as promptly as possible after learning of the said revisions.

Respondents have argued that under section 704 of the Act of 1943, supra, any person who is aggrieved by the order of the board in relation to an assessment may appeal to the court of common pleas within 60 days after the order of the board, and that since the order of the board in the present case is dated February 15, 1945, and the petition was not presented until October 26, 1945, that therefore the petition was presented too late and the court has no jurisdiction.

Section 704 of the act in question provides that such person who is aggrieved may "present to said court, or file in the prothonotary's office within sixty days after the board entered its order on the said assessment, a petition signed by him . . .". The petitioner therefore has the privilege of presenting a petition to the court, as to which there is apparently no time limit, or filing his appeal without presenting it to the court, but, as to this, there is a time limit of 60 days. The ab-

sence of a comma after the words "prothonotary's office" definitely indicates that the 60-day limitation is only attached to such appeals as are filed and not those where a petition is presented to the court and an appeal is allowed.

However, it is unnecessary to rely on this interpretation of section 704 since the last clause in section 706 indicates that the restrictions as to ordinary property owners do not apply where the appeal is taken by a municipality. In section 706 of the Act of 1943, supra, after giving the corporate authorities the right to appeal to the court of common pleas ". . . in the same manner, subject to the same procedure and with like effect as if such appeal were taken by a taxable with respect to his assessment . . ." this section then makes a very important addition to the rights of the municipality by stating "and in addition may take an appeal from any decision of the board . . . as though it had been a party to the proceedings before such board or court, even though it was not such a party in fact".

The court is of the opinion that the last above-quoted clause permits the appeal in the present case and the court is also of the opinion that if the 60-day clause is applicable to a municipality which has presented its petition to the court and had such appeal allowed by the court, the 60-day period should only begin after notice or knowledge is received by the taxing body which is the beneficial owner, where the county commissioners, sitting as a board, have failed to advertise and give notice as required by the act.

Respondents have contended that the court has no power to entertain an appeal by a taxable seeking to raise an assessment. Since the Act of May 16, 1939, P. L. 143, sec. 1, 72 PS §5020-402, the assessor has the right to revise the assessment by increasing or decreasing the value to accomplish equalization. The same language is found in section 602 of the Act of 1943, supra. The hearing judge on appeal from the board of

assessment and revision naturally cannot raise an assessment without competent evidence to warrant the increase: Algon Realty Company Tax Assessment Appeal, 329 Pa. 321 (1938). However, in the present case what the petitioners seek is not to have the court increase the valuation but to strike off the unlawful and unwarranted reduction of the assessments without having followed the procedure required by the Act of 1943. To reinstate the previous year's assessment, which would be the 1944 assessment, is not an increase of the assessment, but the striking off of a void assessment in 1945.

Under the law as it existed prior to the Act of 1943 there could be no change in a valuation other than at the time of the triennial assessments, except under certain circumstances which are not here present. In Susquehanna Collieries Company Appeal, 338 Pa. 366 on 370 (1940), the Supreme Court of Pennsylvania said:

"Under The General County Assessment Law, real estate is assessed for taxation every three years, except in counties of the first class. By this method of triennial assessment the valuation placed on taxable property in the triennial year, must remain unchanged during the two succeeding years, except in those instances where the legislature has specifically provided for alteration: Central Penna. Lumber Co.'s Appeal, 232 Pa. 191."

Under section 511 of The General County Assessment Law of May 22, 1933, 72 PS §5020-511, the commissioners, sitting as a board of assessment and revision of taxes, ". . . shall not make any allowance or abatement in the valuation of any real estate, in any other year than that in which the triennial assessment is made, excepting where buildings or other improvements have been destroyed, or where coal, ore, or other minerals assessed under the triennial assessment have

been mined out, subsequently to such triennial assessment, in which cases such allowance or abatement shall be made".

The extract of the minutes of the board, attached to the petition for appeal in the present case, shows that the allowance was not made under any of these exceptions but that it was merely a reduction made in the valuation of the lands owned by the county. It does not appear that it was made because of any triennial, and in fact the last triennial assessment in Northumberland County was for the three-year period, 1943-44-45. Since, however, triennial assessments have been abolished in counties of the fourth to eighth classes since May 21, 1943 (Section 801 of the Act of 1943, supra), the commissioners, sitting as a board, must point to some statute which gave them the power to make these changes on February 15, 1945. No such power has been called to the court's attention by the respondents, and the court is therefore compelled to conclude that the action of the commissioners was without legal authority since the notices and advertisements required by the Act of 1943 were not given (as alleged in the petition) and therefore the entire assessment for 1945 was a nullity and should be stricken from the record.

Respondents have also contended that the court has no jurisdiction because the taxes for the year 1945 were voluntarily paid by the alleged redeeming taxpayers who are the intervening respondents. The redemptions are alleged in the petitions of the intervening respondents. Assuming that to be the fact, the payment of taxes based upon an illegal and irregular revision of these taxes by the county commissioners, sitting as a board, does not deprive the court of jurisdiction. The rule contended for by the respondents only applies where the taxpayer who has voluntarily paid the taxes seeks to appeal from the assessment. It does not and should not apply to a municipality which is prejudiced by the illegal assessment.

Counsel for the petitioners has argued that under section 1 of the act known as Act No. 375, approved May 24, 1945, P. L. 945, 72 PS §5971q, which amended section 1 of the Act of May 21, 1943, P. L. 364, which amends section 16 of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, when the county commissioners purchase any real property at a county treasurer's sale the assessment on said property must remain unchanged so long as the property is owned by the county. Under the Act of 1945, supra, the county commissioners shall provide a book in which they shall enter the name of the person as whose land the same was sold, a brief description of the property, and the amount of the taxes for which it was sold. The act then provides:

"Such property shall not, so long as it remains the property of the county, be charged in the duplicate. During the redemption period following such sale, if the land remains unredeemed, the commissioners shall, in separate columns in the same book, charge every such tract of land with like . . . township, school . . . taxes as would have been chargeable against the land had the same not been purchased by the county commissioners."

Under section 2 of the Act of 1943, supra, amending section 17 of the former Act of 1931, as amended, it is provided:

". . . in the case of any redemption, the property shall be charged by the assessor in the name of the last purchaser or redeemer, and such lands shall again be liable for taxes as other lands."

The previous Act of May 21, 1943, P. L. 364, sec. 1, contained identical language. It is obvious that if lands are removed from the duplicate after the purchase by the county commissioners at county treasurer's sale, the local assessor no longer has any control over them.

The power of the county commissioners, sitting as a board of revision, is not that of original jurisdiction

but only that of appellate jurisdiction to correct action by the assessors. The power of the county commissioners, sitting as a board, as stated in section 702 of the Act of 1943, 72 PS §5453-702, is to "meet for the hearing of appeals". There is nothing in the act which gives the board the right of original jurisdiction.

It is not the same problem as a return of an assessor without a valuation or his omission to return the lands at all: Hess v. Herrington, 73 Pa. 438 (1873). Here the act of assembly removes the lands from the duplicate.

This court is therefore of the opinion that the county commissioners, sitting as a board, were without statutory authority to revise the assessments of the lands purchased by the county commissioners at county treasurer's sale for unpaid taxes, which revision was made on February 15, 1945, and that the action of the county commissioners, sitting as a board, in so doing, should be stricken off and the assessments reinstated which were in effect at the time of the sales by the county treasurer to the county commissioners.

At the conclusion of the argument before this court on Monday, November 26, 1945, a verbal order was dictated to the court stenographer dismissing the rules granted the respondents on the question of jurisdiction.

And now, to wit, November 28, 1945, in confirmation of that verbal order it is hereby ordered, adjudged and decreed that the petitions and rules granted against the appellants in the said appeal from the assessment to show cause if any they have why the appeal should not be dismissed for want of jurisdiction, is discharged at the cost of the petitioners for the rule who are the respondents in the appeal.